UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., a corporation; BETHENNY FRANKEL, and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO.:  1:11-cv-05149 (NLH) (KMW) |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BEAM GLOBAL SPIRITS & WINE LLC, AND JIM BEAM BRANDS CO. TO THE AMENDED COMPLAINT

Defendants, Beam Global Spirits & Wine LLC ("Beam Global"), formerly known as Beam Global Spirits & Wine, Inc., and Jim Beam Brands Co. ("Jim Beam") (collectively, "Beam defendants") hereby file their Answer and Affirmative Defenses to the Amended Complaint.

### GENERAL ANSWER

Beam defendants state that they respond to these allegations only on behalf of themselves and not on behalf of any other entity.  All allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in the averment or in the Amended Complaint as a whole.

The Amended Complaint contains numerous quotations and references that purport to be excerpts from various identified and unidentified sources and documents.  The documents allegedly referred to in the Amended Complaint have not been provided by the Plaintiffs.

Accordingly, Beam defendants are unable to challenge the accuracy, veracity, or source(s) of these quotations or references. To the extent that Beam defendants state that a document or other material referenced in the Amended Complaint speaks for itself, or refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true, or that Plaintiffs' characterizations of such documents or other material is accurate. Beam defendants reserve their right to challenge the accuracy of the quotations and references and to raise any objection as to the documents purportedly quoted or referenced. Beam defendants do not admit the authenticity of any documents from which quotations were taken or references were made, and reserve the right to challenge the authenticity of all documents quoted or referenced in the Amended Complaint.

## SPECIFIC ANSWER

## ALLEGATIONS PURSUANT TO LOCAL CIVIL RULE 10.1

1. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparts (a), (b), (e), (f), and (g) of Paragraph 1 of the Amended Complaint. Beam defendants admit that Beam Global has its headquarters at 510 Lake Cook Road, Deerfield, Illinois 60015, that Jim Beam is a corporation organized under the laws of the state of Delaware with its principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015, and that Jim Beam owns the trademark for Skinnygirl Margarita.

## INTRODUCTION

2. Beam defendants deny each and every allegation contained in Paragraph 2 of the Amended Complaint, except admit that Jim Beam has marketed Skinnygirl Margarita and sold Skinnygirl Margarita to distributors, but state that the marketing for Skinnygirl Margarita speaks for itself, and Beam defendants further admit that Plaintiffs purport to bring this action as a class

action and define a putative class, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.

3. Beam defendants deny each and every allegation contained in Paragraph 3 of the Amended Complaint, except admit that they have publicly acknowledged that Skinnygirl Margarita contains a minute amount of sodium benzoate and state that sodium benzoate is permitted for use as a preservative by the U.S. Food and Drug Administration.

4. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. Beam defendants deny each and every allegation contained in Paragraph 5 of the Amended Complaint, except admit that Plaintiffs seek the relief described, but deny that Plaintiffs are entitled to any such relief.

## PARTIES

6. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint, but deny that Skinnygirl Margarita has been marketed to Plaintiffs under false, deceptive, misleading, or fraudulent pretenses.

7. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint, but deny that Skinnygirl Margarita has been marketed to Plaintiffs under false, deceptive, misleading, or fraudulent pretenses.

8. Beam defendants admit that Beam Global is a limited liability company with its principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015.

9. Beam defendants admit that Jim Beam is a corporation with its principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015.

10. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint, except admit that Ms. Frankel is an entrepreneur, TV personality, and New York Times Best Selling Author, but deny that Beam defendants have acted improperly in concert with the other defendants.

13. Beam defendants state that Paragraph 13 of the Amended Complaint does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

14. Beam defendants deny each and every allegation contained in the first sentence of Paragraph 14 of the Amended Complaint.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 14 of the Amended Complaint.

15. Beam defendants deny each and every allegation contained in Paragraph 15 of the Amended Complaint.

## JURISDICTION AND VENUE

16. Paragraph 16 of the Amended Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam defendants deny each and every allegation contained therein, except lack knowledge or information sufficient to form a belief as to the truth of the allegation that putative class members live in states other than the Beam defendants or that more than two-thirds of the putative class members reside in states other than

Beam defendants, and admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.

17. Beam defendants deny each and every allegation contained in Paragraph 17 of the Amended Complaint, except admit that Jim Beam has sold Skinnygirl Margarita to distributors in New Jersey, since on or about March 17, 2011, and that Skinnygirl Margarita is available for sale by third-parties to persons of legal drinking age in New Jersey.

18. Paragraph 18 of the Amended Complaint contains legal conclusions to which no answer is required; to the extent an answer is required, Beam defendants deny each and every allegation contained therein, except admit that Jim Beam is licensed to and conducts business in New Jersey.

19. Paragraph 19 of the Amended Complaint contains legal conclusions to which no answer is required; to the extent an answer is required, Beam defendants deny each and every allegation in the first sentence contained therein, except admit that Jim Beam is authorized to and conducts business in the District of New Jersey, that Jim Beam has advertised Skinnygirl Margarita, and that Jim Beam has sold Skinnygirl Margarita to distributors in the District of New Jersey, and Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences contained therein.

## FACTUAL ALLEGATIONS

20. Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 19 of the Amended Complaint as if fully set forth herein.

21. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint, except admit that Ms. Frankel is an entrepreneur, TV personality, and New York Times Best Selling Author, and deny each and every allegation contained in the third sentence therein.

22. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint, except state that Jim Beam purchased Skinnygirl Margarita in March 2011.

23. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint, except admit that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.

24. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint, except admit that they have publicly acknowledged that Skinnygirl Margarita contains a minute amount of sodium benzoate and state that sodium benzoate is permitted for use as a preservative by the U.S. Food and Drug Administration.

25. Beam defendants deny each and every allegation contained in Paragraph 25 of the Amended Complaint, except admit that the bottle for Skinnygirl Margarita has included the words "All Natural."

26. Beam defendants deny each and every allegation contained in Paragraph 26 of the Amended Complaint.

27. Beam defendants deny each and every allegation contained in Paragraph 27 of the Amended Complaint.

28. Beam defendants deny each and every allegation contained in Paragraph 28 of the Amended Complaint.

29. Beam defendants deny each and every allegation contained in Paragraph 29 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence contained therein.

## CLASS ALLEGATIONS

30. Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 29 of the Amended Complaint as if fully set forth herein.

31. Beam defendants deny each and every allegation contained in Paragraph 31 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

32. Beam defendants deny each and every allegation contained in Paragraph 32 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

33. Beam defendants deny each and every allegation contained in Paragraph 33 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

34. Beam defendants deny each and every allegation contained in Paragraph 34 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

35. Beam defendants deny each and every allegation contained in Paragraph 35 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

36. Beam defendants deny each and every allegation contained in Paragraph 36 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

37. Beam defendants deny each and every allegation contained in Paragraph 37 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

38. Beam defendants deny each and every allegation contained in Paragraph 38 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

39. Beam defendants deny each and every allegation contained in Paragraph 39 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

40. Beam defendants deny each and every allegation contained in Paragraph 40 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

41. Beam defendants deny each and every allegation contained in Paragraph 41 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

42. Beam defendants deny each and every allegation contained in Paragraph 42 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

**FIRST CAUSE OF ACTION**
**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("CFA"))**

43. Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 42 of the Amended Complaint as if fully set forth herein.

44. N.J.S.A. 56:8-2 speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny each and every allegation contained in Paragraph 44 of the Amended Complaint.

45. N.J.S.A. 56:8-19 speaks for itself and, thus, no response is required; to the extent an answer is required, Beam defendants deny each and every allegation contained in Paragraph 45 of the Amended Complaint.

46. Beam defendants deny each and every allegation contained in Paragraph 46 of the Amended Complaint.

47. Beam defendants deny each and every allegation contained in Paragraph 47 of the Amended Complaint.

48. Beam defendants deny each and every allegation contained in Paragraph 48 of the Amended Complaint.

49. Beam defendants deny each and every allegation contained in Paragraph 49 of the Amended Complaint.

50. Beam defendants deny each and every allegation contained in Paragraph 50 of the Amended Complaint.

51. Beam defendants deny each and every allegation contained in Paragraph 51 of the Amended Complaint.

52. Beam defendants deny each and every allegation contained in Paragraph 52 of the Amended Complaint, except admit that Plaintiffs and the putative classes seek the relief

described therein, but deny that Plaintiffs or the putative classes are entitled to any such recovery.

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

53. Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 52 of the Amended Complaint as if fully set forth herein.

54. Beam defendants deny each and every allegation contained in Paragraph 54 of the Amended Complaint.

55. Beam defendants deny each and every allegation contained in Paragraph 55 of the Amended Complaint.

56. Beam defendants deny each and every allegation contained in Paragraph 56 of the Amended Complaint.

57. Beam defendants deny each and every allegation contained in Paragraph 57 of the Amended Complaint.

58. Beam defendants deny each and every allegation contained in Paragraph 58 of the Amended Complaint.

59. Beam defendants deny each and every allegation contained in Paragraph 59 of the Amended Complaint.

60. Beam defendants deny each and every allegation contained in Paragraph 60 of the Amended Complaint, except admit that Plaintiffs and the putative classes seek the relief described therein, but deny that Plaintiffs or the putative classes are entitled to any such recovery.

## THIRD CAUSE OF ACTION
### (Breach of Express and Implied Warranty)

61. Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 60 of the Amended Complaint as if fully set forth herein.

62. Beam defendants deny each and every allegation contained in Paragraph 62 of the Amended Complaint.

63. Beam defendants deny each and every allegation contained in Paragraph 63 of the Amended Complaint.

64. Beam defendants deny each and every allegation contained in Paragraph 64 of the Amended Complaint.

65. Beam defendants deny each and every allegation contained in Paragraph 65 of the Amended Complaint, except admit that Plaintiffs and the putative classes seek the relief described therein, but deny that Plaintiffs or the putative classes are entitled to any such recovery.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

66. Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 65 of the Amended Complaint as if fully set forth herein.

67. Beam defendants deny each and every allegation contained in Paragraph 67 of the Amended Complaint.

68. Beam defendants deny each and every allegation contained in Paragraph 68 of the Amended Complaint.

69. Beam defendants deny each and every allegation contained in Paragraph 69 of the Amended Complaint.

70.     Beam defendants deny each and every allegation contained in Paragraph 70 of the Amended Complaint.

71.     Beam defendants deny each and every allegation contained in Paragraph 71 of the Amended Complaint.

72.     Beam defendants deny each and every allegation contained in Paragraph 72 of the Amended Complaint.

73.     Beam defendants deny each and every allegation contained in Paragraph 73 of the Amended Complaint.

74.     Beam defendants deny each and every allegation contained in Paragraph 74 of the Amended Complaint, except admit that Plaintiffs and the putative classes seek the relief described therein, but deny that Plaintiffs or the putative classes are entitled to any such recovery.

## PRAYER FOR RELIEF

AS TO PLAINTIFFS' PRAYER FOR RELIEF, Beam defendants deny that Plaintiffs are entitled to any of the relief sought under any of the claims asserted in the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiffs' and putative class members' claims alleged in the Amended Complaint may not be properly certified or maintained as a class action.

## THIRD DEFENSE

Plaintiffs and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the Amended Complaint.

## FOURTH DEFENSE

Plaintiffs' and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

## FIFTH DEFENSE

Plaintiffs' and putative class members' claims should be denied under the equitable doctrine of abstention, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

## SIXTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the New Jersey Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

## SEVENTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Beam defendants (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiffs or the putative class members.

EIGHTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

NINTH DEFENSE

Plaintiffs and putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and misleading advertising upon which relief can be granted.

TENTH DEFENSE

Plaintiffs and putative class members may not recover under a theory of unjust enrichment because Plaintiffs and putative class members have failed to allege any cognizable "enrichment" of Beam defendants.

ELEVENTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

TWELFTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

THIRTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any product by a Beam defendant (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled, and sold.

### FOURTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiffs and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

### FIFTEENTH DEFENSE

Plaintiffs and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiffs and putative class members, if any, were open and obvious, because Plaintiffs and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

### SIXTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, as to Beam defendants because Beam defendants do not owe a legal duty to Plaintiffs and putative class members or, if Beam defendants owed a legal duty to Plaintiffs and putative class members, Beam defendants did not breach that duty.

### SEVENTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members lack privity with Beam defendants.

### EIGHTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor putative class members suffered any actionable injury or because such injury was not proximately caused by Beam defendants.

### NINETEENTH DEFENSE

To the extent Plaintiffs and putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely

by acts, wrongs, or omissions of persons, entities, forces, or things over which Beam defendants have no control and for which Beam defendants are not legally responsible.

### TWENTIETH DEFENSE

Plaintiffs and putative class members are not entitled to relief jointly and severally and Beam defendants are not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiffs and putative class members.

### TWENTY-FIRST DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam defendants, if performed at all, were done in good faith and/or were privileged or justified.

### TWENTY-SECOND DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, or under any other cause of action in this case.

### TWENTY-THIRD DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor any other member of the putative class has suffered an ascertainable loss as a result of a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, or under any other cause of action in this case.

### TWENTY-FOURTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam defendants, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWENTY-FIFTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs and/or the putative class members are entitled to any relief, Beam defendants are entitled to an offset or set off of such relief for the value of the benefits that Plaintiffs and the putative class members received.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the New Jersey Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Beam defendants of procedural and substantive safeguards, including traditional defenses to liability.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

## TWENTY-NINTH DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by failure to mitigate.

## THIRTIETH DEFENSE

To the extent that the laws of other jurisdictions apply, Beam defendants invoke each and every statutory and common law defense available to them under the laws of each of the other forty-nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the Amended Complaint that is recognized in that jurisdiction.

## RESERVATION OF DEFENSES

Beam defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve their right to amend their Answer to assert any such defense.  Beam defendants also reserve their right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than New Jersey.  Beam defendants intend to require Plaintiffs to carry their burden of proof on every element of Plaintiffs' claims.  Beam defendants therefore reserve the right to assert by motion or at trial denials as to Plaintiffs' ability to prove the required elements of their claims.  In the event that any affirmative defense asserted by Beam defendants is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Beam defendants on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Beam defendants pray that this Amended Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam defendants; that Beam defendants recover their attorneys' fees and expenses; and that Beam defendants have such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AS TO PLAINTIFFS' DEMAND FOR JURY TRIAL, Beam defendants likewise demand a jury trial in this action for all issues so triable.

Dated:  November 14, 2011               /s/ Michael R. Carroll
                                        John B. Kearney, Esq.
                                        Michael R. Carroll, Esq.
                                        BALLARD SPAHR LLP
                                        210 Lake Drive East, Suite 200
                                        Cherry Hill, NJ 08002
                                        (856) 761-3400

                                        Attorneys for Defendant Beam Global Spirits
                                        & Wine LLC


Of Counsel:
CHADBOURNE & PARKE LLP
Donald I Strauber
Mary T. Yelenick
30 Rockefeller Plaza
New York, NY 10112

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011, I caused a copy of the foregoing Answer and Affirmative Defenses of Defendants Beam Global Spirits & Wine LLC and Jim Beam Brands Co. to the Amended Complaint to be filed with the Clerk of the Court via the CM/ECF system, thereby serving same upon all counsel of record.

Dated: November 14, 2011

/s/  Michael R. Carroll
Michael R. Carroll