**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>          Plaintiffs,<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., a corporation; BETHENNY FRANKEL, and DOES 1 through 100, inclusive,<br><br>          Defendants. | **Civil Action No. 1:11-cv-05149 (NLH) (KMW)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO BEAM GLOBAL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFFS' UNJUST ENRICHMENT CLAIM**

Plaintiffs Maureen Stewart and Kelly Lamicella ("Plaintiffs") hereby submit their memorandum of law in opposition to the motion of the Beam Global Defendants (the "Beam Defendants") for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

**PRELIMINARY STATEMENT AND FACTUAL BACKGROUND**

The Beam Defendants concede that their SkinnyGirl premixed margarita beverage product is adulterated with the artificial preservative, sodium benzoate, notwithstanding their false marketing claims that the drink is "all natural." Defendants nevertheless seek a dismissal of Plaintiffs' unjust enrichment claim based upon their misguided argument that New Jersey law bars such a claim because Plaintiffs did not purchase the falsely promoted product from the Beam Defendants "directly." Although the Beam Defendants' argument may appear appealing in its simplicity, it provides no basis for them to escape liability under the facts and circumstances of this case.

As detailed herein, New Jersey does not bar a claim for unjust enrichment brought by consumers seeking to recover the ill-gotten gains reaped by the Beam Defendants from the false advertising and marketing campaign that they chose to *direct* to consumers in New Jersey (and across the country). In addition, the Beam Defendants ignore that this action involves a nationwide class and prematurely seek the dismissal *with prejudice* of all absent class members' claims, notwithstanding that these claims may not be governed by New Jersey law.[1]

---

[1] It should be noted at the outset that many states, such as Arizona, Tennessee and Vermont, unequivocally permit recovery absent any direct relationship. *See, e.g., D.R. Ward Constr. Co. v. Rohm & Haas Co.*, 470 F. Supp. 2d 485, 506 (E.D.Pa. 2006) (noting Arizona, Tennessee and Vermont law permits recovery for indirect purchasers). The Beam Global Defendants sidestep any choice of law analysis by arguing that the named Plaintiffs have substantial connections to New Jersey. *See* Moving Brief at 3, n.1. What they fail to acknowledge, however, is that the named Plaintiffs represent a nationwide class of purchasers, the exact composition of which will not be determined until class certification. Because the class

**LEGAL ARGUMENT**

I.  THE LEGAL STANDARD FOR JUDGEMENT ON THE PLEADINGS

A motion for judgment on the pleadings pursuant to Rule 12(c) "will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008). In evaluating a motion for judgment on the pleadings, the Court is required to "accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party…" *Id.* at 262-63.

II. NEW JERSEY LAW DOES NOT PERMIT WRONGDOERS TO RETAIN ILL-GOTTEN GAINS REAPED BY DIRECTLY TARGETING CONSUMERS WITH FALSE MARKETING MATERIALS.

The Beam Defendants argue that Plaintiffs' unjust enrichment claim "fails for the fundamental reason that Plaintiffs *did not confer any benefit upon the Beam Defendants*." Mov. Br. at 3 (emphasis added). Not surprisingly, the Beam Defendants provide no support for this proposition, which is contrary to both common sense and the allegations in the Complaint. The Complaint clearly alleges that "Defendants have received funds that they otherwise would not have received and which it would be unjust for them to retain." Complaint at ¶ 18. Moreover, the Complaint alleges that it was the Defendants'

---

may consist of plaintiffs who are neither New Jersey residents, nor New Jersey purchasers, the Court should defer any consideration of the Beam Defendants' Rule 12(c) motion until after class certification. *See In re K-Dur Antitrust Litigation*, 338 F. Supp. 2d 517, 541, 551 (D. N.J. 2004) (finding dismissal of state law unjust enrichment claims to be premature where plaintiff class not yet certified and court had not consequently engaged in a choice of law analysis to determine the law applicable to those claims). At a minimum, there is no basis for any dismissal *with prejudice* at this time. *Huertas v. Galaxy Asset Management*, 2010 WL 936450, * 6 (D.N.J. March 9, 2010) ("A complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, unless the court finds bad faith, undue delay, prejudice, or futility.") (citing *inter alia Grayson v. Mayview State Hosp.,* 293 F.3d 103, 110-11 (3d Cir. 2002), *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir. 2000)).

"deceptive marketing and advertising campaign" that "successfully caused Plaintiffs to purchase Defendant's product." *Id.* at ¶ 28. As detailed above, at this stage of the action the Court is *required* to accept these allegations as true. Indeed, there can be no doubt, and discovery will ultimately prove, that the Beam Defendants received a portion of *each* purchase made by *each* consumer that purchased the product that the Beam Defendants chose to falsely promote as "all natural."

Under New Jersey law, a claim for unjust enrichment is designed to prevent a party from the "retention of [a] benefit" under circumstances where it would be "unjust." *Mercedes-Benz Tele Aid Contract Litigation*, 257 F.R.D. 46 (D.N.J. 2009). Unjust enrichment is "an equitable remedy" and courts evaluating unjust enrichment claims are mindful that "flexibility is one of the fundamental principles of equity." *Palmeri v. LG Electronics USA, Inc.*, 2008 WL 2945985, at *6 (D.N.J.,2008) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 281, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). "The essence of equity jurisdiction [is] the power … to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it." *Id.* (citing *Hecht Co. v. Bowles,* 321 U.S. 321, 329, 64 S. Ct. 587, 88 L.Ed. 754 (1944)).

Nevertheless, the Beam Defendants argue that Plaintiffs are barred from pursuing their unjust enrichment claim based upon the technicality that "nowhere in the Amended Complaint do Plaintiffs allege that they purchased the product *directly* from Beam Defendants." Mov. Br. at 3 (emphasis added).[2] Our courts have recognized that a

---

[2] It is worth noting that the Beam Defendants limit their argument to New Jersey purchasers. As previously stated, this is a national class action complaint and discovery may ultimately prove that the product was directly marketed <u>and</u> sold to consumers in other jurisdictions.

2

"bright-line rule" such as the one the Beam Defendants advance would impermissibly "restrict the use of unjust enrichment and deprive the Court of the flexibility that is essential to an equitable remedy."  *Palmeri*, 2008 WL 2945985 at * 6.

The same artificial limitation that the Beam Defendants seek to impose has been repeatedly rejected.  *See In re Norvergence, Inc.,* 384 B.R. 315 (Bankr. D. N.J. 2008) (holding plaintiff was not required to state direct relationship with defendant to withstand motion to dismiss unjust enrichment claim); *New York Career Guidance Services, Inc. v. Wells Fargo Financial Leasing, Inc.*, 2005 WL 1252315 *6 No. BER-L-1705-03 (New Jersey Super. Law Div. May 2, 2005) (holding plaintiffs could maintain an unjust enrichment claim without allegation of direct benefit conferred by plaintiff to defendant).

In *Norvergence*, purchasers of "significantly overvalued equipment that could not function as promised" sued the retailer from whom the equipment was leased, as well as Qwest and Nortel, the manufacturers of the equipment.  The plaintiffs alleged that both Qwest and Nortel increased their profits based upon Norvergence's leasing of the overpriced equipment and either "knew or should have known" of the scheme to defraud consumers.  Relying upon *VRG Corp. v. GKN Realty Corp*, 135 N.J. 539 (1994) and its progeny – the same line of cases upon which the Beam Defendants wrongly seek to rely -- both Qwest and Nortel argued that the unjust enrichment claims failed under New Jersey law because, *inter alia*, there had been no "relationship" established directly between them and the consumers.  384 B.R. at 328 ("The Nortel Defendants …argue that [the] unjust enrichment claim should be dismissed as a matter of law since there has been no relationship established between Plaintiff and Nortel."); 384 at 342 ("Without any evidence of a direct relationship between Qwest and the Plaintiff, Qwest argues that there

2

is no claim for unjust enrichment.").

In rejecting Qwest's contention, Judge Gambardella ruled that "there was an open question as to whether or not a benefit was conferred from Plaintiff and class members to NorVergence and in turn later transmitted to Qwest [a wholesale supplier]. Accepting for purposes of this motion that a benefit was conferred, it is plausible for Plaintiff to maintain a claim for unjust enrichment." 384 B.R. at 369. Judge Gambardella similarly ruled that there was no basis for the dismissal of the unjust enrichment claim against the Nortel Defendants, because the plaintiffs had alleged that Nortel "benefited financially" from the plaintiffs' payments for equipment that was "significantly overvalued" and "could not function." *Id.* Accepting these allegations as true, the Court concluded that "the Plaintiff has asserted a plausible claim for unjust enrichment against Nortel…" *Id.*

The *NorVergence* Court had good reason to determine that *VRG* and its progeny were inapplicable. In *VRG*, a real estate broker had entered into a contract with a shopping center developer for leasing commissions. When the developer failed to pay as promised, the broker sued the *purchaser* of the shopping center alleging that the purchaser had been unjustly enriched by virtue of the broker's efforts and seeking the imposition of an equitable lien on the project. The New Jersey Supreme Court ruled that the broker had no unjust enrichment claim against the purchaser because the broker had no relationship to the purchaser. In other words, the court concluded that an innocent purchaser could not be made liable when it was a stranger to both the broker and its contract with the developer.[3]

---

[3] The rationale for *VRG* is evident in the decisions of *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105 (App. Div. 1966), and *Premier Pork, L.L.C. v. Westin, Inc.*, No. 07-161, 2008 WL 724352 (D. N.J. 2008), both of which conclude that a claim for unjust enrichment may not be pursued against a party that is a stranger to a transaction, received no improper

2

The distinction between the situation in *VRG* (where the defendant was a virtual stranger to a claim) and this matter and *NorVergence* was expressed well in *Romano v. Motorola*, 2007 WL 4199781 *2 (S.D. Fla. Nov. 26, 2007), an action brought by purchasers of cell-phones that had been marketed directly to consumers by Motorola, albeit purchased from third-parties. In ruling that the direct relationship requirement under Florida law had nevertheless been satisfied, the Court explained as follows:

> . . . Defendant erroneously equates direct *contact* with direct *benefit* in arguing that "[b]ecause plaintiff here did not purchase either his phone or his batteries from Motorola, plaintiff conferred no direct benefit on Motorola." Plaintiff appropriately notes that Motorola, as the manufacturer of the Razr phone, marketed its product directly to consumers, but sold its product through an intermediary, *i.e.* a retail outfit. While the phone is ultimately sold through the retailer, Motorola is directly benefitted through profits earned from the sale of the phone. Therefore, while there was no direct *contact* between the manufacturer Motorola and Plaintiff, by purchasing the Razr phone, Plaintiff directly conferred a benefit on Motorola in the form of payment for the phone. Defendant's Motion to Dismiss the claim for unjust enrichment is denied.

2007 WL 4199781 *2 (Nov. 26, 2007 S.D.Fla.) (emphasis in original).

Rather than attempting to hold a stranger liable for the promise of an unrelated third party as plaintiff did in *VRG*, here, Plaintiffs and the class are seeking to impose responsibility on the Beam Global Defendants for promises *they made* about the "all natural" character of SkinnyGirl. Remarkably, the Beam Defendants contend that New Jersey law requires that the purchasers of their product pursue claims *only* against the

---

benefit, and about whom there have been no allegations of wrongdoing. To the extent that *Cooper*, *Alin* or *Maniscalco* – all of which base their decision on *VRG* – could be read to require a direct *contractual* relationship for an unjust enrichment claim, the decisions do not represent a proper application of New Jersey law.

2

retailers, parties that may not even have been aware of the Beam Defendants' improper conduct. The Beam Defendants' position turns equity on its head.[4] Like Nortel and Qwest in *Norvergence*, the Beam Defendants are alleged to have received profits based upon their *own* wrongful conduct that was specifically directed at the Plaintiffs. As such, it would be unjust for them to retain their ill-gotten gains, and plaintiffs have adequately pled a claim for unjust enrichment under New Jersey law.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs Maureen Stewart and Kelly Lamicella, on behalf of themselves and all others similarly situated in the nationwide class, respectfully request that the Court deny the Beam Defendants' Rule 12(c) motion for judgment on the pleadings.

**SKOLOFF & WOLFE, P.C.**

Dated: January 10, 2012

By: /s/ David B. Wolfe
David B. Wolfe
Jonathan W. Wolfe
Evan A. Showell

*Attorneys for Plaintiffs*

---

[4] It is worth noting that the Beam Defendants argument would create a safe haven in New Jersey for unscrupulous liquor manufacturers – thereby defeating the very purpose of the statutory requirement which they imply has the effect of barring Plaintiffs' unjust enrichment claim. Indeed, unlike other products, the lack of a direct relationship between the Beam Defendants and the Plaintiffs was mandated by the legislature in order to "*[t]o protect the interests of consumers against fraud and misleading practices in the sale of alcoholic beverages*," *N.J.S.A.* 33:1-3.1(b)(4) (emphasis added), not to insulate liquor producers from liability for their own wrongful acts.