# Ballard Spahr
### LLP

– – – – – – – – – – – – – – – – – –

210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

John B. Kearney
Direct: 856.761.3482
Fax: 856.761.1020
kearneyj@ballardspahr.com

January 17, 2012

**Via ECF**

The Honorable Noel L. Hillman
U.S. Magistrate Judge
U.S. District Court, District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 6020
1 John F. Gerry Plaza
P.O. Box 849
Camden, NJ  08102-2040

Re:  Stewart, et al. v. Beam Global Spirits & Wine, Inc., et al.
     C.A. No. 1:11-cv-05149

Dear Judge Hillman:

This firm represents Defendants Beam Global Spirits & Wine LLC and Jim Beam Brands Co. ("Beam Defendants") in the above-referenced matter.  Pending before Your Honor is Beam Defendants' motion to dismiss the unjust enrichment claim of plaintiffs' Amended Complaint.  Enclosed is a courtesy copy of Beam Defendants' reply brief in support of that motion.

Plaintiffs' counsel has submitted a letter requesting oral argument on this straightforward motion, asserting that Beam Defendants raise an issue of first impression.  As evidenced by the extensive citation appearing on pages two and three of the enclosed brief, Beam Defendants' motion is, in fact, based on a well-settled principle in this District.  Accordingly, Beam Defendants believe that oral argument is not necessary in this instance.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ John B. Kearney

John B. Kearney

Enclosures

cc:    Counsel of Record (via ECF)

DMEAST #14467026 v1

A PA Limited Liability Partnership  |  Steven W. Suflas, Managing Partner

Atlanta  |  Baltimore  |  Bethesda  |  Denver  |  Las Vegas  |  Los Angeles  |  New Jersey  |  Philadelphia  |  Phoenix  |  Salt Lake City  |  San Diego
Washington, DC  |  Wilmington  |  www.ballardspahr.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive, | CIVIL ACTION NO. 1:11-cv-05149 (NLH-KMW) |
| Plaintiffs, | |
| v. | |
| BEAM GLOBAL SPIRITS & WINE, INC., a corporation, et al., | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF BEAM DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFFS'
UNJUST ENRICHMENT CLAIM**

## I.      INTRODUCTION

Defendants Beam Global Spirits & Wine LLC, formerly known as Beam Global Spirits & Wine, Inc., and Jim Beam Brands Co. (collectively, "Beam Defendants") filed this motion seeking the dismissal with prejudice of the unjust enrichment claims asserted by Plaintiffs Maureen Stewart ("Stewart") and Kelly Lamicella ("Lamicella" and, collectively with Stewart, "Plaintiffs").

Beam Defendants' motion is grounded in the well-settled principle that a plaintiff who purchases a product from a third-party retailer may not maintain an unjust enrichment claim against the product manufacturer. Plaintiffs' opposition does nothing to refute this principle.

## II.   ARGUMENT

### A.   The Named Plaintiffs' Claims Are Governed By New Jersey Law.

Stewart and Lamicella do not dispute that their claims are governed by New Jersey law.  See Beam Defendants' Brief ("Def. Br.") at 3, fn.1.  Instead, Plaintiffs argue that Beam Defendants' motion – which seeks the application of New Jersey law – cannot result in the dismissal of claims governed by other states' laws.  See Plaintiffs' Brief ("Pl. Br.") at 2.  Beam Defendants agree with Plaintiffs.  The claims of the absent putative class members should be governed by the law of the state in which each class member purchased and used the product (assuming the putative class is ever certified).[1]  Those claims, however, are not at issue in this motion.  Beam Defendants seek a dismissal with prejudice only of the unjust enrichment claims asserted under New Jersey law.

### B.   Plaintiffs Cannot State A Claim Of Unjust Enrichment Under New Jersey Law Because They Did Not Purchase The Product From Beam Defendants.

It is well-settled under New Jersey law, that a plaintiff who purchases a product from a third-party retailer may not maintain an unjust enrichment claim against the product manufacturer.  See Arlandson v. Hartz Mountain Corp., 792 F.Supp.2d 691, 711 (D.N.J. 2011) (dismissing unjust enrichment claim in class action because plaintiffs "purchased Defendants' products through a third party retailer or a veterinarian" and not "directly from Defendants").  This principle has been reaffirmed recently and repeatedly by this District, often in putative class action litigation.  See Snyder v. Farnam Companies, Inc., 792 F.Supp.2d 712, 723-24 (D.N.J. 2011) (dismissing unjust enrichment claim in class action, stating "when consumers purchase a product from a third party, they confer a benefit on that third party, not the manufacturer"); Glass

---

[1]    This brief does not discuss choice of law principles since it is uncontested that New Jersey law should govern the claims alleged by the Plaintiffs, but Beam Defendants are prepared to brief this issue at the Court's request.

v. BMW of North Am., LLC, 2011 WL 6887721 at *16 (D.N.J. Dec. 29, 2011) (dismissing

unjust enrichment claim where consumer did not purchase automobile directly from

manufacturer); Pappalardo v. Combat Sports, Inc., 2011 WL 6756949 at *11 (D.N.J. Dec. 23,

2011) (holding in class action that "Plaintiffs' unjust enrichment claims to the extent they

concern [a product] purchased from any retailer besides one of the Manufacturer Defendants

themselves fail under New Jersey law"); Green v. Green Mountain Coffee Roasters, Inc., 2011

WL 6372617 at *7 (D.N.J. Dec. 20, 2011) (dismissing unjust enrichment claim in class action

where purchaser of coffee brewer "fail[ed] to allege if he purchased the brewer directly from

Defendants"); Hughes v. Panasonic Consumer Elec. Co., 2011 WL 2976839 at *26-27 (D.N.J.

July 21, 2011) (dismissing unjust enrichment claim in class action where consumers purchased

televisions from retailers and not manufacturer); Laney v. Am. Standard Companies, Inc., 2010

WL 3810637 at *12 (D.N.J. Sept. 23, 2010) (dismissing unjust enrichment claim in class action

where consumers purchased toilets from retailer and not manufacturer); Maniscalco v. Brother

Int'l Corp., 627 F.Supp.2d 494, 506 (D.N.J. 2009) (dismissing unjust enrichment claim in class

action where consumers purchased printers from retailers and not manufacturer); Alin v. Am.

Honda Motor Corp., No. 08-4825, 2010 WL 1372308 at *14-15 (D.N.J. Mar. 31, 2010)

(dismissing unjust enrichment claim in class action where consumer leased automobile and

purchased parts from dealer and not manufacturer); Cooper v. Samsung Elecs. Am., Inc., No. 07-

3853, 2008 WL 4513924 at *10 (D.N.J. Sept. 30, 2008) (dismissing unjust enrichment claim in

class action because purchase of television from retailer created "no relationship conferring any

direct benefit on" the manufacturer); Eli Lilly and Co. v. Roussel Corp., 23 F.Supp.2d 460, 496

(D.N.J. 1998) (holding that "it is the plaintiff's (as opposed to a third party's) conferral of a

benefit on defendant which forms the basis of an unjust enrichment claim").

        Being unable to distinguish the instant case from the reasoning or results in the

cases cited by Beam Defendants, Plaintiffs relegate their entire discussion of these governing

New Jersey cases to a conclusory statement in a footnote, opining that these cases "do not represent a proper application of New Jersey law." See Pl. Br. at 6, fn.3. Plaintiffs are wrong. These cases and the straightforward principle for which they stand – a principle regularly applied by this District – are fundamentally correct, and apply here.[2]

Conversely, the cases cited by Plaintiffs in opposing this proposition are entirely inapplicable and lend no support to their argument. Plaintiffs cite to Palmeri v. LG Elec. USA, Inc., 2008 WL 2945958 (D.N.J. July 30, 2008), for the proposition that a "bright-line rule such as the one the Beam Defendants advance would impermissible restrict the use of unjust enrichment and deprive the Court of the flexibility that is essential to an equitable remedy." Pl. Br. at 5. Palmeri, however, does not address whether an unjust enrichment claim may be asserted by a plaintiff who has not conferred a direct benefit upon the defendant. Rather, the defendant in Palmeri asserted that an unjust enrichment claim is precluded where the parties have entered into an express contract. See Palmeri, 2008 WL 2945958 at *6. Beam Defendants make no such argument and, therefore, Palmeri is inapplicable.

Plaintiffs mistakenly assert that Beam Defendants' argument "has been repeatedly rejected" by the courts of this State. See Pl. Br. at 5. However, Plaintiffs cite only two cases to support that inaccurate claim.[3] See id. (citing In re NorVergence, Inc., 384 B.R. 315 (Bankr. D.N.J. 2008) and New York Career Guidance Serv., Inc. v. Wells Fargo Financial Leasing, Inc., 2005 WL 1252315 (N.J. Super. Ct. Law Div. May 2, 2005)). More importantly, NorVergence

---

[2]     Plaintiffs' reluctance to embrace this line of cases is unsurprising, since they admit that the Amended Complaint lacks any allegation that they purchased the product directly from Beam Defendants (with Plaintiffs curiously referring to this critical deficiency as a mere "technicality"). See id. at 4; see also Def. Br. at 3.

[3]     Plaintiffs also cite a Florida case applying Florida law in an unreported decision, which accordingly has no bearing on this motion, which rests upon New Jersey law. See Pl. Br. at 7 (citing Romano v. Motorola, 2007 WL 4199781 (S.D. Fla. Nov. 26, 2007)).

DMEAST #14461027 v3

and NY Career Guidance are factually dissimilar to the case at bar.  In NorVergence, the plaintiffs purchased various telecommunications equipment and services from NorVergence, a telecommunications company.  384 B.R. at 323.  In their complaint, the plaintiffs included as defendants two additional entities who had entered into formal partnership agreements with NorVergence to co-market the allegedly offending product.  Id.  Plaintiffs here make no such allegations, as this case involves a simple retail transaction in which the product was purchased from third-party retailers unrelated to Beam Defendants.

As for NY Career Guidance, Plaintiffs misstate or misunderstand that case, because the court in that case did not hold that the plaintiff could maintain an unjust enrichment claim without alleging a direct benefit conferred upon the defendant.  See Pl. Br. at 5.  The plaintiff in NY Career Guidance was the lessee of certain computer equipment and was charged substantial late fees in connection with the lease.  NY Career Guidance, 2005 WL 1252315 at *1.  Plaintiff filed suit, and included an unjust enrichment claim.  Id.  The only defendant against which the plaintiff's claims were permitted to proceed was the very defendant who had charged the late fees.  Id. at *3.  Therefore, that case, as well, provides no support for Plaintiffs' argument.

Finally, Plaintiffs argue that Beam Defendants' motion seeks to create "a safe haven in New Jersey for unscrupulous liquor manufacturers . . . ."  Pl. Br. at 8.[4]  To the contrary, Beam Defendants merely point out that the facts alleged in Plaintiffs' Amended Complaint do not support a claim for unjust enrichment.  That argument has no bearing on whether Plaintiffs might have any other legally cognizable claim under New Jersey law.  Beam Defendants' motion does not create a "safe haven" but rather asks this Court simply to rule in accordance with the

---

[4]    In making this argument, Plaintiffs cite to a statute, N.J.S.A. 33:1-3.1(b)(4), that Beam Defendants do not reference in their moving brief and which has no bearing on this case.  See Pl. Br. at 8, fn.4.

other dismissals in this District of unjust enrichment claims in cases, such as here, where the

consumer has not conferred a direct benefit upon the manufacturer.

## III.    CONCLUSION

For the reasons stated in Beam Defendants' moving brief and herein, Beam

Defendants respectfully request that the Court dismiss with prejudice Count Four of Plaintiffs'

Amended Class Action Complaint for failure to state a claim upon which relief can be granted.


BALLARD SPAHR LLP


By   /s/ John B. Kearney

John B. Kearney
Michael R. Carroll
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002-1163
Attorneys for Defendants Beam Global
Spirits & Wine LLC and Jim Beam
Brands Co.

Of Counsel:

CHADBOURNE & PARKE LLP
Donald I Strauber
Mary T. Yelenick
30 Rockefeller Plaza
New York, NY 10112