# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>     Plaintiffs,<br><br>     v.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., a corporation; BETHENNY FRANKEL, and DOES 1 through 100, inclusive,<br><br>     Defendants. | Civil Action No. 11-5149 (NLH)(KMW) |

## MEMORANDUM OF LAW IN SUPPORT OF BETHENNY FRANKEL'S MOTION TO DISMISS THE FIRST, THIRD AND FOURTH CAUSES OF ACTION OF THE AMENDED COMPLAINT

10619.00006/97079.1

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................1

II. STATEMENT OF FACTS ....................................................................2

III. ARGUMENT .........................................................................................4

    A. Rule 12(b) Standard....................................................................4

    B. Plaintiffs' Fourth Cause of Action for Unjust Enrichment Fails ..........5

    C. Plaintiffs' Breach of Warranty Claim Fails as Against Ms. Frankel................................................................................................7

        1. Implied Warranty ...........................................................7

            (a) The Skinnygirl Margarita Is "Merchantable" Under the UCC ..................................................9

            (b) Plaintiffs Cannot Establish That They Purchased Skinnygirl Margarita for A Purpose Other Than To Drink It..........................................................10

        2. Express Warranty.........................................................11

    D. Plaintiffs' Consumer Fraud Act Claim Fails As to Ms. Frankel.........12

        1. Plaintiffs Cannot Establish Ascertainable Loss On the Out-Of-Pocket Theory ..................................................13

        2. Plaintiffs Cannot Establish Ascertainable Loss Based On the Price Difference Between Skinnygirl Margarita and Its Competitors...............................................................14

IV. CONCLUSION....................................................................................15

# **TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*Altronics of Bethlehem, Inc. v. Repco, Inc.,*
    957 F. 2d 1102 (3d Cir. 1992) .................................................................................. 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 S.Ct. 1937 (2009) ............................................................................ 4, 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................... 4, 5

*Cooper v. Samsung elecs. Am. Inc.,*
    2008 WL 4513924 (D.N.J. Sept. 30, 2008) ..………………………………6, 12

*Franulovic v. Coca Cola Co.,* 2007 WL 3166953 (D.N.J. Oct. 25, 2007) ............. 10

*Green v. Green Mountain Coffee Roasters, Inc.,*
    2011 WL 6372617 (D.N.J. Dec. 20, 2011) ................................................... 14

*In re Toshiba Am. HD DVD Marketing & Sales Practices Litig.,*
    2009 WL 2940081 (D.N.J. Sept. 11, 2009) ..................................................... 9

*Lieberson v. Johnson & Johnson Consumer Companies, Inc.,* 2011 WL
    4414214 (D.N.J. Sept. 21, 2011) ....................................................................... 9

*Maniscalco v. Brother Int'l Corp.,*
    627 F.Supp.2d 494 (D.N.J. 2009) ...................................................................... 5, 12

*Mann v. TD Bank, N.A.*, 2010 WL 4226526 (D.N.J. Oct. 20, 2010) ...................... 13

*Snyder v. Farnam Cos., Inc.,*
    792 F.Supp.2d 712 (D.N.J. 2011) ........................................................................... 6

*Vlases v. Montgomery Ward & Co.,*
    377 F.2d 846 (3d Cir. 1967) ..................................................................................... 8

**STATE CASES**

*Adams v. Peter Tramontin Motor Sales, Inc.,*
    42 N.J. Super. 313 (App. Div. 1956) ................................................................ 9

*Thiedemann v. Mercedes-Benz USA, LLC,*
    183 N.J. 234 (2005) ............................................................................................ 13

*VRG Corp. v. GKN Realty Corp.,*
    135 N.J. 539 (1994). ............................................................................................. 5

## **STATE STATUTES**

N.J.S.A. §§56:8-1, *et seq.* ...................................................................................................1

N.J.S.A. 12A:2-313 ............................................................................................. 11

N.J.S.A. 12A:2-313(1) ........................................................................................ 11

N.J.S.A. 12A:2-314 .................................................................................................7

N.J.S.A. 12A:2-315 ..................................................................................... 8, 11

## **OTHER AUTHORITIES**

Rule 12(b)(6) ................................................................................................. 1, 4

## **RULES**

Federal Rule of Civil Procedure 12(b)(6) .................................................................2

Defendant Bethenny Frankel submits this memorandum of law in support of her motion to dismiss with prejudice the First, Third and Fourth Causes of Action of Plaintiffs' Amended Class Action Complaint (the "Amended Complaint" or ("Amd. Cmplt.") for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.      **INTRODUCTION**

Plaintiffs Maureen Stewart and Kelly Lamicella purport to bring a class action against the defendants, including movant Bethenny Frankel, based on their claims that the Skinnygirl Margarita products they repeatedly purchased from New Jersey retailers and consumed, contained a common preservative and therefore did not live up to marketing materials promoting the beverage as "all natural." Seeking to recover either the price of the Skinnygirl Margarita products they purchased, or the difference between the price of the Skinnygirl product and its competitors, Plaintiffs assert claims for violation of the New Jersey Consumer Fraud Act, N.J.S.A. §§56:8-1, *et seq.*, negligent misrepresentation, breach of implied and express warranties, and unjust enrichment.

Plaintiffs cannot allege sufficient facts to establish their consumer fraud, warranty, and unjust enrichment claims against Ms. Frankel, and the First, Third and Fourth Causes of Action must therefore be dismissed. Fatal to each of these claims is the fact that Plaintiffs did not purchase the Skinnygirl Margarita products from Ms. Frankel; there was, and is, no direct relationship between Ms. Frankel

and Plaintiffs, or either of them.  Moreover, Plaintiffs (repeatedly) used the products they purchased for the purpose for which they were intended, and have not alleged any ascertainable loss from such use.  Accordingly, Ms. Frankel respectfully requests that her Motion be granted.

## II.  STATEMENT OF FACTS

Taking the factual allegations of the Amended Complaint as true, as we must for purposes of a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs assert the following:

Bethenny Frankel is a television personality, having appeared on the reality television shows "Real Housewives of New York City" and "Bethenny Ever After," and is a natural food chef and the author of several books.  (Amd. Cmplt. ¶21)  Ms. Frankel created the "Skinnygirl Margarita" "as an 'all natural' alternative to other commercially available margarita beverage products." *Id.*  Defendants allegedly marketed the Skinnygirl Margarita as "an 'all natural' product made with natural ingredients and as a low calorie alternative to other commercially-available products so as to appeal to health conscious consumers." *Id.*

Plaintiff Maureen Stewart is a Pennsylvania resident who "has been routinely purchasing" the Skinnygirl Margarita product for herself and for entertaining friends, since May 2011.  (Amd. Cmplt. ¶6)  Plaintiff Kelly Lamicella is a New Jersey resident who likewise has "routinely purchased" Skinnygirl

2

Margarita since May 2011.  (Amd. Cmplt. ¶7)  Both named Plaintiffs purchased Skinnygirl Margarita from retailers in New Jersey.  (Amd. Cmplt. ¶¶6-7)

Plaintiffs contend that they purchased the Skinnygirl Margarita product because, based on "what Defendants said on the packaging of Skinny Girl," they believed the product "was an 'all natural' healthier alternative to other commercially-available Margarita beverage products," and because Plaintiffs are "generally health conscious and attempt[ ] to purchase only 'all natural' products when available."  *Id.*  They claim they learned that the product allegedly contains "sodium benzoate, a common preservative," as a result of publicity surrounding Whole Foods Market's withdrawal of the product from stores, and a purported admission by Ms. Frankel, and that they were upset that the Skinnygirl Margarita had been marketed to them as "all natural"  but was not.  *Id.*

Plaintiffs purport to relate a number of comments allegedly made by Ms. Frankel regarding the Skinnygirl Margarita and its ingredients.  (Amd. Cmplt. ¶¶21, 22)  Similarly, Plaintiffs contend that the Skinnygirl Margarita advertising and marketing materials incorporated the "Defendants'" claims that the product is "all natural," "contains no preservatives," and is healthier than other similar products.  (Amd. Cmplt. ¶¶25-29)  However, Plaintiffs do not allege which of the alleged advertising and marketing materials they saw, or when they saw them – or that they saw them at all.  *Id.*  Nor do they allege that they ever purchased the Skinnygirl Margarita product directly from Ms. Frankel.

3

## III. ARGUMENT

### A. Rule 12(b) Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed.R.Civ.P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation, quotation marks, and emphasis omitted). To meet its pleading obligations, a plaintiff must allege more than labels and conclusions; "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, Rule 8 of the Federal Rules of Civil Procedure requires that "[f]actual allegations … be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must create at least "plausible" grounds for a claim. *Id*. at 556.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id*. at 1950. The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. at 1949. By contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 1955).

In this case, as explained below, Plaintiffs' Third and Fourth Causes of Action should be dismissed because Plaintiffs have not, and cannot, plead sufficient facts to establish that they are entitled to relief for breach of warranty or unjust enrichment. In addition, because Plaintiffs cannot allege all the elements of a claim for violation of the New Jersey Consumer Fraud Act, the First Cause of Action must also be dismissed.

**B.    Plaintiffs' Fourth Cause of Action for Unjust Enrichment Fails**

A claim for unjust enrichment requires a plaintiff to allege that, "(1) at plaintiff's expense, (2) defendant received benefit, (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it first." *Maniscalco v. Brother Int'l Corp.*, 627 F.Supp.2d 494, 505 (D.N.J. 2009). Additionally, the plaintiff must show "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Maniscalco,* 627 F.Supp.2d at 505, quoting *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994).

5

Moreover, to support a claim for unjust enrichment under New Jersey law, there must be a direct relationship between the plaintiff and defendant. *See, e.g., Cooper v. Samsung Elecs. Am. Inc.*, 2008 WL 4513924, *10 (No. 07-3853, D.N.J. 2008) ("although Cooper alleges that Samsung was unjustly enriched through the purchase of the television, there was no relationship conferring any direct benefit on Samsung through Cooper's purchase, as the purchase was through a retailer . . . . Cooper therefore did not confer a benefit on Samsung within the meaning of New Jersey's doctrine of unjust enrichment."); *Snyder v. Farnam Cos., Inc.*, 792 F.Supp.2d 712, 724 (D.N.J. 2011). Where a plaintiff cannot allege that he purchased the product directly from the defendants, he "cannot rightfully expect any remuneration from [d]efendants, since [he] never directly conferred a benefit on [d]efendants." *Snyder,* 792 F.Supp.2d at 724 (dismissing unjust enrichment claim against manufacturer, where plaintiffs purchased products from retailers).

Plaintiffs' Fourth Cause of Action for unjust enrichment fails because Plaintiffs do not allege, and cannot establish the existence of a direct relationship between them (or either of them) and Ms. Frankel, or that Ms. Frankel obtained any benefit from either of them, or that Plaintiffs or either of them expected remuneration from Ms. Frankel at the time they purchased the Skinnygirl Margarita product. Plaintiffs allege that they purchased the products from various retailers, not from Ms. Frankel. Plaintiffs do not allege any other direct or indirect

6

relationship with Ms. Frankel. Accordingly, their unjust enrichment claim must be dismissed.

### C. Plaintiffs' Breach of Warranty Claim Fails as Against Ms. Frankel

For their breach of warranty claim, Plaintiffs allege that they formed a contract with "Defendants" at the time they purchased the Skinnygirl Margarita product, and that the contract terms "include the promises and affirmations of fact made by Defendants on their product labels and through their marketing campaign," which "constitute express and implied warranties" and became part of the basis of the bargain between Plaintiffs and Defendants. (Amd. Cmplt. ¶62) Plaintiffs contend that "Defendants" breached the contracts, including the express and implied warranties, "by not providing a product which conformed to its advertised characteristics as described above," and that they were "damaged in the amount of the purchase price of the Product." (*Id.*, ¶¶64-65) However, Plaintiffs' claim fails where they do not allege and cannot establish either the existence of a contract between themselves and Ms. Frankel, that they purchased the Skinnygirl Margarita product from her, or that the product itself was defective or not suited for its purpose.

#### 1. Implied Warranty

Plaintiffs' implied warranty claim fails because Ms. Frankel was not the direct or indirect "seller" of the product. *See* N.J.S.A. 12A:2-314 ("[A] warranty

7

that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."); N.J.S.A. 12A:2-315 (implied warranty of merchantability of fitness for a particular purpose can only arise "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required"). While Plaintiffs allege that Ms. Frankel was the creator of the Skinnygirl Margarita and that she made certain statements about the product (Amd. Cmplt. ¶¶21-22), they do not, and cannot, allege that they purchased any Skinnygirl Margarita product from Ms. Frankel. Indeed, at the time of Plaintiffs' first Skinnygirl Margarita purchases in May 2011 (Amd. Cmplt. ¶¶6-7), Jim Beam Brands Co. had already purchased the Skinnygirl Margarita business, in March 2011. (Castner Decl. Ex. A) For this reason alone, Plaintiffs' implied warranty claim fails.

In addition, Plaintiffs' ostensible complaints about the Skinnygirl Margarita product do not fall within the scope of any implied warranty. "The entire purpose behind the implied warranty sections of the [Uniform Commercial] Code is to hold the seller responsible when inferior goods are passed along to the unsuspecting buyer." *Vlases v. Montgomery Ward & Co.,* 377 F.2d 846, 850 (3d Cir. 1967). The UCC recognizes two types of implied warranties: the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. Neither applies here.

8

### (a) The Skinnygirl Margarita Is "Merchantable" Under the UCC

To comply with the implied warranty of merchantability, the product "should be of the general kind described and reasonably fit for the general purpose for which it should have been sold." *Adams v. Peter Tramontin Motor Sales, Inc.*, 42 N.J. Super. 313, 321 (App. Div. 1956). "In order for the implied warranty of merchantability to be breached, the product at issue must have been defective or not fit for the ordinary purpose for which it was intended." *In re Toshiba Am. HD DVD Marketing & Sales Practices Litig.*, 2009 WL 2940081, *16 (D.N.J. Sept. 11, 2009). "The implied warranty of merchantability does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Lieberson v. Johnson & Johnson Consumer Companies, Inc.*, 2011 WL 4414214, *8 (D.N.J. Sept. 21, 2011) (citation and internal quotation marks omitted).

An implied warranty of merchantability claim fails where it is based on statements on a product label that are unrelated to the ordinary purpose of the product. *See, e.g., Lieberson*, *supra* (dismissing implied warranty claim on baby soap where, "Plaintiff has not alleged that the Moisture Wash and Lotion did not cleanse or moisturize. Instead, Plaintiff alleges that the Wash and Lotion did not function as sleep aids. Thus, Plaintiff's implied warranty claim hinges entirely on the fact that the Product label also stated that the Products were clinically proven to

9

'help babies sleep better.' However, Plaintiff has cited no case law to support the idea that advertising alone, no matter how deceptive, may transform the clear and ordinary purpose of a product into an entirely different and unrelated purpose.").

Here, plaintiffs do not allege that the Skinnygirl Margarita was not fit for its ordinary purpose, *i.e.*, consumption as an alcoholic beverage, but that it did not conform to the "product labeling and advertising." (Amd. Complt. ¶ 62)  The only representation that plaintiffs point to on the product label – the statement that the product is "all natural" -- is unrelated to the ordinary purpose of the product. Whether or not Skinny Girl Margarita is "all natural," plaintiffs cannot deny that it still can be consumed as an alcoholic beverage – and it was so consumed by them. (Amd. Cmplt. ¶¶6-7)  Because plaintiffs cannot allege that Skinnygirl Margarita is not reasonably fit for its general purpose, the implied warranty of merchantability claim must be dismissed.

>    (b)    **Plaintiffs Cannot Establish That They Purchased Skinnygirl Margarita for A Purpose Other Than To Drink It**

If a product's "ordinary purpose" is the same as its "particular purpose," the implied warranty of fitness for a particular purpose is not breached. *Franulovic v. Coca Cola Co.,* 2007 WL 3166953, *6 (D.N.J. Oct. 25, 2007).  An implied warranty of fitness claim requires that the seller had reason to know of the buyer's particular purpose at the time of contracting, and plaintiff must allege that the

10

product was defective. *Altronics of Bethlehem, Inc. v. Repco, Inc.,* 957 F. 2d 1102, 1105 (3d Cir. 1992). Additionally, a plaintiff must allege that he/she "rel[ied] on the seller's skill or judgment to select" the product. N.J.S.A. 12A:2-315(4).

The Complaint alleges that plaintiffs repeatedly bought the Skinnygirl Margarita products for the purpose of consuming them as an alcoholic beverage. Amd. Cmplt. ¶¶6-7. It alleges no other purpose for which the product was, or could be, used. Plaintiffs thus do not allege any "particular purpose" for the Skinnygirl Margarita distinct from its "ordinary purpose;" nor do they allege that Ms. Frankel had reason to know of any particular purpose of the Plaintiffs, at the time that Plaintiffs purchased the Skinnygirl Margarita product.

As such, Plaintiffs cannot allege an implied warranty of merchantability claim, and the Third Cause of Action must be dismissed.

### 2. Express Warranty

Plaintiff's express warranty claim also fails because Ms. Frankel was not the direct or indirect "seller" of the product. An express warranty claim under New Jersey law is codified under N.J.S.A. 12A:2-313, which specifically requires that the express warranty is created by the seller of the product: "Express warranties *by the seller* are created as follows . . . ." N.J.S.A. 12A:2-313(1). To establish a breach of express warranty under New Jersey law, a plaintiff must allege a contract between the parties, a breach, damages flowing from the breach, and that the party

11

stating the claim performed its own contractual obligations.  *Cooper*, 2008 WL 4513924, at *3.

Plaintiffs here do not, and cannot, allege facts supporting the existence of a contract between them, or either of them, and Ms. Frankel, or that they purchased the Skinnygirl Margarita products from Ms. Frankel.  Accordingly, their breach of express warranty claim fails.

### D.      Plaintiffs' Consumer Fraud Act Claim Fails As to Ms. Frankel

"To state a cause of action under the [Consumer Fraud Act], a plaintiff must allege:  (1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements – defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *Maniscalco*, 627 F.Supp.2d at 499 (citations omitted).  A plaintiff asserting a claim under the Consumer Fraud Act must allege the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the specific misconduct charged against him. *Id.*  Even assuming *arguendo* that Plaintiffs have sufficiently pled the "unlawful practice" prong[1], they cannot allege sufficient facts to establish an "ascertainable loss."

---

[1] The Consumer Fraud Act creates three categories of unlawful practices: affirmative acts, knowing omissions, and violations of state regulations. *Maniscalco*, 627 F.Supp.2d at 499.  Based on the allegations of the Amended Complaint, we presume for purposes of this Motion that Plaintiffs' rely on the "affirmative acts" category.

12

"Ascertainable loss" is "a cognizable and calculable claim of loss due to the alleged . . . violation" of the Consumer Fraud Act. *Thiedemann v. Mercedes-Benz USA, LLC,* 183 N.J. 234, 249 (2005). Here, Plaintiffs claim that their loss is either the entire purchase price they expended on Skinnygirl Margarita products, or alternatively, the price difference between Skinny Girl Margarita and comparable products. (Amd. Cmplt. ¶¶49-50) . While "either out of pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle and will set the stage for establishing the measure of damages" (*Thiedemann*, 183 N.J. at 248), neither theory withstands scrutiny here when analyzed against the allegations in the Amended Complaint, and the First Cause of Action must be dismissed.

> 1. **Plaintiffs Cannot Establish Ascertainable Loss On the Out-Of-Pocket Theory**

"The 'out-of-pocket' theory may include the purchase price of a misrepresented product if the purchasers did not receive a refund and the seller's misrepresentations rendered the product essentially worthless." *Mann v. TD Bank, N.A.*, 2010 WL 4226526, *5 (D.N.J. Oct. 20, 2010) (citation omitted). However, this theory does not apply if the plaintiff received something of value. *Id.* at *6. Here, plaintiffs did receive something of value – bottle(s) of Skinnygirl Margarita – which they admittedly consumed (and repeatedly purchased). (Amd. Cmplt. ¶¶6-7) Although they claim that the product did not meet their expectations, under the

13

circumstances, having received and consumed the product, Plaintiffs cannot establish an ascertainable loss in the amount of the entire purchase price of the product.

### 2. Plaintiffs Cannot Establish Ascertainable Loss Based On the Price Difference Between Skinnygirl Margarita and Its Competitors

Under the loss in value theory, a plaintiff must plead how much he paid for the product at issue, and the price of comparable product(s) at the time of his purchase. *See, e.g., Green v. Green Mountain Coffee Roasters, Inc.*, 2011 WL 6372617, *6 (D.N.J. Dec. 20, 2011); *see also In re Toshiba Am. HD DVD Marketing & Sales Practices Litig.*, 2009 WL 2940081, at *13 (plaintiff must allege where, when and how much they paid for the product, and how much other comparable products cost at the time, to establish the "premium" they claim to have paid for the purchased product).

Here, Plaintiffs have not pled either the price(s) they paid for the Skinnygirl Margarita, or the price of competitive products. Thus, there is no basis to assess their claim that they paid more for Skinnygirl Margarita than they would have paid for other products that were not represented to be "all natural." Because they have failed to adequately allege an ascertainable loss, their Consumer Fraud Act claim must be dismissed.

## IV. **CONCLUSION**

For all of the foregoing reasons, Ms. Frankel respectfully requests that the Court grant her motion and dismiss with prejudice the First, Third and Fourth Causes of Action of Plaintiffs' Amended Class Action Complaint.

Dated: January 20, 2012

**GREENBERG TRAURIG LLP**

*/s/ David E. Sellinger*
David E. Sellinger
Aaron Van Nostrand
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932-0677
(973) 360-7900 (Phone)
(973) 301-8410 (Fax)
*Attorneys for Defendant*
*Bethenny Frankel*


**KINSELLA WEITZMAN ISER**
**KUMP & ALDISERT LLP**
Howard Weitzman
Laura D. Castner (LC6689)
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA 90401
(310) 566-9800 (Phone)
(310) 566-9850 (Fax)
*Attorneys for Defendant*
*Bethenny Frankel*