# Ballard Spahr LLP

210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

Michael R. Carroll
Direct: 856.761.3452
Fax: 856.761.1020
carrollm@ballardspahr.com

March 28, 2012

**Via ECF and Regular Mail**

The Honorable Noel L. Hillman, U.S.D.J.
U.S. District Court, District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 6020
1 John F. Gerry Plaza
P.O. Box 849
Camden, NJ  08102-2040

Re:   Stewart, et al. v. Beam Global Spirits & Wine, Inc., et al.
      C.A. No. 1:11-cv-05149

Dear Judge Hillman:

This firm represents Defendants Beam Global Spirits & Wine LLC and Jim Beam Brands Co. (collectively, "Beam Defendants") in the above-referenced matter.  Pending before Your Honor is Beam Defendants' motion to dismiss the plaintiffs' unjust enrichment claim, in which Beam Defendants argue that the unjust enrichment claim should be dismissed because putative class members purchased the product at issue from third-party retailers and not directly from Beam Defendants.

I am writing to inform the Court of Judge Martini's recent opinion in <u>Weske, et al. v. Samsung Electronics America, Inc., et al.</u>, No. 2:10-cv-4811, 2012 WL 833003 (D.N.J. March 12, 2012), in which Judge Martini confronted this identical issue and held that the plaintiffs' unjust enrichment claims should be dismissed with prejudice because the plaintiffs purchased their products through retailers and not directly from Samsung.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Michael R. Carroll*

Michael R. Carroll

Enclosure

cc:   Counsel of Record (via ECF only)

DMEAST #14800618 v1

A PA Limited Liability Partnership  |  Steven W. Suflas, Managing Partner

Atlanta  |  Baltimore  |  Bethesda  |  Denver  |  Las Vegas  |  Los Angeles  |  New Jersey  |  Philadelphia  |  Phoenix  |  Salt Lake City  |  San Diego
Washington, DC  |  Wilmington  |  www.ballardspahr.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFF WESKE, JO ANNA FRAGER, and DARRYL MYHRE,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Civ. No. 2:10-4811 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion by Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., LTD. ("SEC") (collectively, "Samsung") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

For the reasons stated below, the Court **GRANTS** the motion **IN PART** and **DENIES** it **IN PART.**

I.    Factual and Procedural Background

Since 2005, Samsung has engaged in the business of designing, manufacturing, and selling refrigerators in the United States. Plaintiffs Jeff Weske, Jo Anna Frager, and Darryl Myhre, residents of Minnesota, Ohio, and Washington, respectively, filed a purported class-action complaint against Samsung on September 20, 2010. Defendant SEA is based in Ridgefield Park, New Jersey. Defendant SEC is based in Seoul, South Korea. Plaintiffs allege that certain consumer refrigerators manufactured by Samsung (the "Refrigerators") have a defect that causes the Refrigerators coils to freeze over, resulting in the

1

Refrigerators failing to keep food cold (the "Defect"). Plaintiffs further allege that an exterior temperature display on the outside of the Refrigerators does not properly display the resulting rise in temperature caused by the Defect. The Refrigerators come with a one-year warranty on parts and labor and a five-year warranty limited to certain portions of the cooling-system apparently not involved with the Defect.

Each Plaintiff purchased a new Samsung refrigerator from a department store in his or her home state. None of Plaintiffs purchased a Refrigerator in New Jersey. Each of the Plaintiffs alleges that the Defect caused their Refrigerator to fail more than a year after the purchase, ostensibly outside the period of the express warranty coverage. Plaintiffs allege that they were damaged by the loss of the value of their Refrigerator, costs incidental to attempting to repair the Refrigerator, and the loss of groceries that were in the Refrigerator when it failed.

The Complaint alleges that Samsung knew – or was reckless in not knowing – that the Refrigerators contained the Defect and that the Defect would cause the Refrigerators to cease to be useful earlier than their customers expected. Plaintiffs allege that Samsung received customer complaints about the problem in early 2006, and the BBC reported on a similar defect in a Samsung refrigerator sold in the United Kingdom in 2008. And yet, Samsung continued to sell the Refrigerators without disclosing the Defect in any of its marketing materials or on its website.

The Complaint alleges four claims: (1) violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 *et seq.* (the "NJCFA"); (2) fraudulent concealment or non-disclosure; (3) breach of implied warranty; and (4) unjust enrichment. Samsung argues that the Complaint fails to adequately state a claim as to any of the four counts and asks the Court to dismiss the Complaint in its entirety with prejudice.

## II. Legal Analysis

### A. The Motion to Dismiss Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

### B. Choice-of-Law Analysis

The Court must first determine which state's law applies to Plaintiffs' claims using New Jersey's choice of law rules. *See, e.g.*, *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 699 (D.N.J. 2011) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). New Jersey has adopted the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *P.V. v. Camp Jaycee*, 962 A.2d 453, 460 (N.J. 2008). This analysis, which must be performed on an issue-by-issue basis, is a two-step process. *Id.* at 460-61. First, the Court must determine whether an actual conflict of law exists – if no conflict exists, the law of New Jersey, the forum state, applies. *Id.* Second, if a conflict does exist, the Court must determine which state has the "most significant relationship" to the claim, by "weigh[ing] the factors set forth in the Restatement section corresponding to the plaintiff's cause of action." *Nikolin v. Samsung Elecs. Am., Inc.*, Civ. No. 10-1456, 2010 WL 4116997, at *3 (D.N.J. Oct. 18, 2010).

Plaintiffs argue that it is premature to conduct a proper choice of law analysis, as the Court does not yet have a full factual record. Plaintiffs are generally correct that due to the factual inquiry that may be necessary to properly weigh certain Restatement factors, "it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage when little or no discovery has taken place." *In re Samsung DLP Television Class Action Litig.*, Civ. No. 07–2141, 2009 WL 3584352, at *3 (D.N.J. Oct. 27, 2009). But "[s]ome choice of law issues may not require a full factual record and may be amenable to resolution on a motion to dismiss." *Harper v. LG Elecs. USA, Inc.*, 595 F.Supp.2d 486, 491 (D.N.J. 2009). Recognizing that the factual allegations may provide a sufficient basis for certain choice-of-law determinations but not for others, courts in this Circuit assess the propriety of making choice-of-law determinations on a

3

claim-by-claim basis. *See, e.g., Arlandson*, 792 F. Supp. 2d at 699-700 (citing cases determining propriety of resolving choice-of-law issues on motion to dismiss). Using this framework, the Court will address each of the four counts in turn. Should the choice of law determination for that issue require a fuller factual record, the Court will defer its decision until such factual record is available. *See id.*[1]

### C. Claim for Violation of the NJCFA

First, there are substantial conflicts between the consumer fraud laws of New Jersey, Minnesota, Ohio, and Washington. To state a claim under the NJCFA, a person must show: "(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *International Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 929 A.2d 1076, 1086 (N.J. 2007). Notably absent is any need to show reliance. *See id.* ("Our statute essentially replaces reliance, an element of proof traditional to any fraud claim, with the requirement that plaintiff prove ascertainable loss."). This puts the NJCFA in direct conflict with the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69. *See 301 Clifton Place L.L.C. v. 301 Clifton Place Condominium Ass'n*, 783 N.W.2d 551, 563 (Minn. App. 2010) (construing Minnesota Consumer Fraud Act and holding that "a successful claimant must prove that he or she relied on the falsehood to show causation.").[2] Also absent is any need to show that the defendant's actions affected the public interest, which puts the NJCFA in conflict with Washington's Consumer

---

[1] Plaintiffs also claim that the Third Circuit's recent en banc decision in *Sullivan v. DB Invs.*, ___ F.3d ____, No. 08-2784, 2011 WL 6367740 (3d Cir. Dec. 20, 2011), stands for the proposition that a district court should not consider choice-of-law issues when assessing a motion to dismiss for failure to state a claim. But *Sullivan* did not involve a Federal Rule of Civil Procedure 12(b)(6) motion – *Sullivan* was about the district court's certification of two nationwide settlement classes under Federal Rule of Civil Procedure 23(b). *Id.* at *1. The Third Circuit refused to find that Rule 23 requires a district court considering a settlement class to conduct an inquiry into the validity of the underlying claims. *Id.* at *20-22. In so holding, the Third Circuit drew a clear distinction between Rule 23 and Rule 12(b)(6) motions: "the Rule 23 inquiry does not, and should not, involve a Rule 12(b)(6) inquiry." *Id.* at *20. Plaintiffs selectively quote from the opinion to make it appear as though the Third Circuit somehow held that district courts should reserve judgment on choice-of-law issues until later in the proceedings to avoid introducing legal uncertainty into the litigation. But even this selective quotation – standing alone – does not support that argument because the opinion makes clear that the Third Circuit is concerned about legal uncertainty being introduced to the certification process: "By requiring district courts to assess the validity of unsettled state law claims at the certification stage, we would needlessly introduce additional legal uncertainty into a certification process that does not demand it." *Id.* at *22.

[2] The fact that a plaintiff may not need to *plead* reliance in order to survive a motion to dismiss for failure to state a claim, *see Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 13 (Minn. 2001), does not mean that no conflict exists. If the proceedings continue, a plaintiff must still *prove* reliance under Minnesota's Consumer Fraud Act in order to succeed on a claim under that statute. *Id.* at 13-14; *see also 301 Clifton Place L.L.C.*, 783 N.W.2d at 563.

4

Protection Act, West's RCWA 19.86.010, *et seq*. *See, e.g.*, *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 550-51 (W.D. Wash. 2008) (holding conflict of law exists between Washington Consumer Protection Act and Illinois Consumer Fraud Act because latter does not have public interest requirement). And, as other decisions in this district have recognized, there are substantial conflicts between the NJCFA and Ohio's Consumer Sales Protection Act, Ohio Rev. Code Ann. § 1345.09. *See, e.g.*, *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 461-62 (D.N.J. 2009) (holding actual conflict exists between NJFCA and Ohio consumer protection laws).

Second, Section 148(2) of the Restatement (Second) of Conflict of Laws provides the appropriate analytical framework. Section 148 generally applies to claims involving fraud and misrepresentation. *Arlandson*, 792 F. Supp. 2d at 708. But Section 148 is also divided into two subsection: Section 148(1) applies to claims where the "plaintiff's action in reliance took place in the state where the false representations were made and received", and Section 148(2) applies to claims where the "plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made." Here, Plaintiffs allege that Samsung's misconduct, including the alleged misrepresentations and omissions, emanated from its New Jersey office. Plaintiffs also allege that each Plaintiff purchased their Refrigerator in their respective home state. That is, the representations and reliance occurred in different states, and so Section 148(2) applies. *See Arlandson*, 792 F. Supp. 2d at 708 (holding Section 148(2) applies under similar facts). Section 148(2) requires courts to weigh the following contacts: (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations; (b) the place where the plaintiff received the representations; (c) the place where the defendant made the representations; (d) the domicil, residence, nationality, place of incorporation and place of business of the parties; (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time; and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Third, looking at this framework, there is a sufficient factual basis for the Court to make a choice-of-law determination because the allegations of the Complaint provide the Court with adequate information regarding each contact it must weigh under Section 148(2).

Fourth, analysis under Section 148(2) makes clear that each plaintiff has more contacts with his or her home state than with the state of New Jersey. Of the enumerated factors, only the place where the defendant made the representations and the place of business of Defendant SEA weigh in favor of applying New Jersey law. Indeed, each Plaintiff received the alleged misrepresentations and

5

purchased their Refrigerator in his or her home state, where each Plaintiff resides and where each Plaintiff's Refrigerator allegedly failed. On balance, these factors weigh against application of New Jersey law with regards to the consumer fraud claims and in favor of application of the law of each Plaintiff's home state. *See, e.g.*, *Maniscalco v. Brother Int'l Corp.*, 793 F. Supp. 2d 696, 710 (D.N.J. 2011) (weighing Section 148(2) factors and finding law of plaintiff's home states applied to claims for violation of consumer protection statute rather than law of forum); *Arlandson*, 792 F. Supp. 2d at 709 (same); *Penn. Emp., Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 471-72 (D. Del. 2010) (same).

      Viewing these contacts through the lens of Section 6 makes it clear that the law of each Plaintiff's home state should apply to their consumer fraud claims. Under Section 6(2), the relevant factors the Court must consider are: (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application of the law to be applied. Many of the factors are a wash. While uniformity, ease of legal application, justified expectations, and the needs of the interstate system are all clearly important in a case like this involving interstate consumption of goods and a corresponding national class action, neither applying the law of New Jersey or the laws of each consumer's home state appears to better serve those interests. While application of the law of the forum state would create uniformity as to this particular litigation, it would not necessarily create uniformity on a larger scale nor would it serve these other important issues, because the particular law that would be applied would depend entirely on the forum of the litigation and would vary depending on where plaintiffs chose to sue. Expectations would be nearly impossible. And a narrower rule holding that the law of the defendant's home state always applied would directly defeat the ability of states to protect their own citizens and would further encourage states to adopt limited consumer protections statutes in hopes of providing a safe and inviting business environment to manufacturers. But the policy factors of the states and this particular field of law – viewed in the context of the factual contacts at issue in this case – encourage application of the law of each Plaintiff's home state. Consumer protection statutes are largely intended to do just that – protect the consumer residents of each state, and thus each state has an inherent policy interest in having its consumer protection laws applied to its resident. *See, e.g.*, *In re Sigg Switz. (USA), Inc. Aluminum Bottles Mktg. & Sales Practices Litig.*, MDL No. 2137, 2011 WL 64289, at *8 (W.D. Ky. Jan. 7, 2011); *Agostino v. Quest Diagnostics*

*Inc.*, 256 F.R.D. 437, 463 (D.N.J. 2009). And because no New Jersey resident is suing, New Jersey's interest in having its own law apply in this litigation is limited.

Thus, each Plaintiff's home state has the most significant relationship to each Plaintiff's consumer fraud action. The Court will dismiss Plaintiffs' claim for relief under the NJFCA and grant Plaintiffs leave to amend the Complaint to plead claims under the law of each Plaintiff's home state.

### D. Claim for Fraudulent Concealment/Non-Disclosure

With respect to Plaintiffs' claim for fraudulent concealment and/or non-disclosure, Samsung argues only that Plaintiffs' allegations fail to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).[3] Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Allegations of a cause of action for fraudulent concealment are subject to Rule 9(b)'s requirements. *See, e.g.*, *Arcand v. Brother Intern. Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009). Rule 9(b) essentially requires Plaintiffs to allege the who, what, when, where, and how elements to state a claim arising in fraud. *See in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1423 (3d Cir. 1997).

Samsung does not argue that Plaintiffs have failed to allege any particular element of a claim for fraudulent concealment under New Jersey law but rather that the allegations are merely conclusory and do not provide Samsung with sufficient notice of the basis for the alleged fraud. Specifically, Samsung claims the allegations do not identify who at Samsung was aware of the Defect, when or how they learned of the Defect, and how the decision was made to conceal the Defect from customers. Plaintiffs argue that at this point in the proceedings – prior to discovery – these types of facts would be wholly within the control of Samsung. Plaintiffs are correct that they need not allege specific information that is exclusively within Samsung's knowledge or control, but they must still allege facts suggesting fraudulent concealment and must still explain why the additional missing information lies exclusively within Samsung's control. *See In re Craftmatic Secs. Litig.*, 890 F.2d 628, 645 (3d Cir. 1989).

While the allegations of the Complaint are not nearly as sparse as Samsung claims, Plaintiffs have failed to meet the particularity requirements of Rule 9(b).

---

[3] In Complaint, Plaintiffs appear to allege that New Jersey law applies to all of their claims. Because the parties have not contested this issue, the Court may assume that no conflict of law exists between the laws of the relevant states with regard to fraudulent concealment and may apply New Jersey law. *See Simon v. United States*, 341 F.3d 193, 198 (3d Cir. 2003); *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 734 n.8 (D.N.J. 2008).

First, Plaintiffs do not provide sufficient factual allegations to establish Samsung knew of the Defect prior to the sales at issue in this litigation. Although Plaintiffs allege that Samsung knew of the Defect as early as 2006 because of complaints made by unspecified customers, they do not allege who at Samsung learned of these complaints and they do not identify any particular individuals who complained. Nor do Plaintiffs even allege the manner in which these complaints were made. Plaintiffs do not explain how such knowledge would be exclusively within Samsung's control – indeed, if Plaintiffs are aware of these customers and their early complaints, why would they not also have some beliefs or knowledge about the specific complaints made or who the customers targeted?  And although Plaintiffs point to a BBC report in 2008 regarding an allegedly similar defect in Samsung refrigerators sold in the United Kingdom and postings on a consumer affairs website in 2009 and 2010, those events all appear to have occurred after the purchases at issue in this litigation. Thus, they would not establish that Samsung knew of the Defect prior to making any alleged omissions upon which Plaintiffs may have relied in making their purchases.

For these reasons, the Court will dismiss Plaintiffs' fraudulent concealment claims.

### E.  Claims for Breach of Implied Warranties

First, as the parties concede, New Jersey law and Minnesota law relating to causes of action for breach of an implied warranty appear to be substantially similar; but New Jersey law conflicts with Ohio and Washington law on this same claim. But the Court need not resolve this conflict because regardless of which state's law applies, Plaintiffs have failed to state a claim and the Court can dismiss *all* claims for breach of implied warranty without conducting choice-of-law analysis.

Under New Jersey law, an implied warranty cannot temporally exceed an express warranty under New Jersey law. The operative statute is N.J.S.A. 12A:2-317, which states:

> Warranties whether express or implied shall be construed as consistent with each other and as cumulative, but if such construction is unreasonable the intention of the parties shall determine which warranty is dominant. In ascertaining that intention the following rules apply: (a) Exact or technical specifications displace an inconsistent sample or model or general language of description. (b) A sample from an existing bulk displaces inconsistent general language of description. (c) Express warranties displace inconsistent implied

> warranties other than an implied warranty of fitness for a particular purpose.

The Complaint alleges that each Plaintiff's Refrigerator failed after the one-year period of the primary warranty had expired. Pointing to N.J.S.A. 12A:2-317, Samsung argues that any implied warranty could not have lasted longer than that same one-year period, and therefore any claim for breach of warranty under New Jersey law must necessarily fail. *See Nobile v. Ford Motor Co.*, 2011 WL 900119, at *4 (D.N.J. Mar. 14, 2011) (relying on N.J.S.A. 12A:2-317 and dismissing claims for breach of implied warranty where latent defect discovered after the expiration of express warranty period).

Plaintiffs do not dispute Samsung's interpretation of N.J.S.A. 12A:2-317, but they instead argue that the fact that the defect manifested after the one-year express warranty period is irrelevant because the warranty is unconscionable.[4] Plaintiffs argue that the one-year warranty period is unconscionable because Samsung was aware of the cooling system defect and knew – or should have known – that the products were not fit to serve their general purpose of keeping food cool.

But Plaintiffs' allegations fall far short of what would be necessary to make a prima facie case for unconscionability. New Jersey law generally recognizes two kinds of unconscionability: procedural unconscionability, that is, unfairness in the formation of the contract; and substantive unconscionability, that is, excessively disproportionate terms. *Sitogum Holdings, Inc. v. Ropes*, 800 A.2d 915, 921-22 (N.J. Super. Ch. 2002). Plaintiffs' allegations are so sparse that it is difficult to ascertain which kind of unconscionability is allegedly at issue. Plaintiffs' allegations regarding unconscionability are, in total, that "[a]ny express limitation or negation of Samsung's implied warranties that the Refrigerators were fit to perform their essential purpose, when such was not the case, would be unreasonable and unconscionable and, accordingly, is unenforceable." This is precisely the kind of legal conclusion that the Court need not accept as true. The allegations do not even begin to explain how exactly the warranty period is unconscionable, and so Plaintiffs claim must fail under New Jersey law.

Plaintiffs' claim also fails under either Ohio or Washington law. Both states' laws require the plaintiff to show privity of contract with the defendant in order to succeed on a claim for breach of implied warranty. *See Curl v. Volkswagen of Am., Inc.*, 871 N.E.2d 1141, 1147-48 (Ohio 2007); *Tex Enterprises, Inc. v. Brockway Standard, Inc.*, 66 P.3d 625, 628-29 (Wash. 2003). But the Complaint contains no

---

[4] And although the Court does not reach the issue, Plaintiffs may be correct that unconscionability is an exception to the general rule that a party may not succeed on a claim for breach of warranty where the product failed outside the express warranty period. *See, e.g.*, *In re Samsung DLP Television Class Action Litig.*, No. 07-2141, 2009 WL 3584352, at *5 (D.N.J. Oct. 27, 2009).

9

allegations that any plaintiff purchased a product directly from Samsung, and so Plaintiffs cannot state a claim under either state's laws.

For these reasons, the Court will dismiss Plaintiffs' claim for breach of implied warranty, but will make no final determination as to which state's law applies to that claim should Plaintiffs choose to amend their complaint.

### F. Unjust Enrichment

The parties agree – and review of the law shows – that no conflict of law exists between the laws of New Jersey, Minnesota, Ohio, and Washington for the purposes of Plaintiffs' unjust enrichment claim. As such, the Court will apply New Jersey law, the law of the forum, in its rulings related to this claim. *See Rowe*, 917 A.2d at 771 (N.J. 2007).

Under New Jersey law, an indirect purchaser cannot succeed on a claim for unjust enrichment. When an individual purchases a consumer product from a third-party store and not the manufacturer, the purchaser has not conferred a benefit directly to the manufacturer such that the manufacturer could be found to have been unjustly enriched. Under substantially similar facts, the Court has frequently dismissed such claims in class-action cases. *See, e.g.*, *Hughes v. Panasonic Consumer Electronics, Co.*, 2011 WL 2976839, at *27 (D.N.J. July 11, 2011) (dismissing unjust enrichment claim on Rule 12(b)(6) motion where plaintiffs in purported class action purchased allegedly defective product from third-party sellers and citing cases reaching similar outcome under similar facts); *Arlandson*, 792 F. Supp. 2d at 711-12 (same). Here, because Plaintiffs purchased their Refrigerators through retailers and not directly from Samsung, they are indirect purchasers and may not succeed on a claim for unjust enrichment.

Plaintiffs state – with almost no elaboration – that the New Jersey Supreme Court's decision in *Lee v. Carter-Reed Co., L.L.C.*, 4 A.3d 561 (N.J. 2010) is contrary to this authority. But *Lee* does not involve a motion to dismiss for failure to state a claim; rather, in *Lee*, the New Jersey Supreme Court reversed the holdings of lower courts that had denied the plaintiff's motion for class certification under New Jersey state law. *See id.* at 582-83. Granted, the named plaintiff in *Lee* was an indirect purchaser and did raise a claim for unjust enrichment, *see id.* at 567, but the New Jersey Supreme Court never even considered whether the plaintiff could have stated a claim for unjust enrichment, nor does it appear that the lower courts reached that issue. *Lee* focused solely on class certification issues relating to the NJFCA, and explicitly declined to decide those same issues as they relate to the plaintiff's claim for unjust enrichment. *Id.* at

583 ("[W]e decline to resolve whether class certification should be granted on the unjust-enrichment and express- and implied-warranty claims.").[5]

Thus, the Court will dismiss Plaintiffs' claim for unjust enrichment. In light of the fact that an indirect purchaser cannot succeed on a claim for unjust enrichment against the manufacturer, further amendment would be futile, and so the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)

### III. Conclusion

For the reasons stated above, Defendants' Rule 12(b)(6) motion is **GRANTED IN PART** and **DENIED IN PART**. Counts One, Two, and Three will be dismissed without prejudice, and the Court will grant Plaintiffs leave to make specific amendments to address the deficiencies described above. Count Four will be dismissed with prejudice. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[5] The only other case Plaintiffs cite is *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, No. 03-4558, 2011 WL 601279 (D.N.J. Feb. 16, 2011), but *In re Ford* actually stands for the exact opposite proposition for which Plaintiffs cite it. *See id.* at *9 ("Unlike California and Pennsylvania law, courts in New Jersey have consistently required the showing of a direct benefit to establish a claim for unjust enrichment."). Plaintiffs selectively quote from the portion of *In re Ford* relating to California and Pennsylvania law while completely excluding the holding regarding New Jersey law. Plaintiffs should be more careful of their representations in legal briefs.

11