### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART and KELLY LAMICELLA, individuals, on behalf of themselves and all others similarly situated, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., et al.,<br><br>            Defendants. | Civil Action No.<br>11-5149 (NLH/KMW)<br><br><br>**ORDER TO SHOW CAUSE** |

**HILLMAN, District Judge**

WHEREAS, Plaintiffs filed an amended complaint with this Court on October 17, 2011; and

WHEREAS, the Court reviewed Plaintiffs' amended complaint; and

WHEREAS, Plaintiffs aver that this Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2),[1] because the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and because Plaintiffs and class members are citizens of different states than Defendants, (see Am. Compl. [Doc. No. 5] ¶ 16); and

---

1. Pursuant to the Class Action Fairness Act, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2)(A).

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction <u>sua</u> <u>sponte</u> and may do so at any stage of the litigation, <u>see</u> <u>Adamczewski v. Emerson Elec. Co.</u>, No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing <u>Meritcare Inc. v. St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 217 (3d Cir. 1999), <u>overruled on other grounds by</u> <u>Exxon Mobil Corp. v. Allapattah Svcs., Inc.</u>, 545 U.S. 546 (2005)); <u>see also</u> <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n.</u>, 554 F.2d 1254, 1256 (3d Cir. 1977));[2] and

WHEREAS, the Court finds Plaintiffs' jurisdictional statement to be defective as follows:

Plaintiffs aver that Plaintiff Maureen Stewart is a resident of the state of Pennsylvania, that Plaintiff Kelly Lamicella is a resident of the state of New Jersey, and that Defendant Bethenny Frankel is a resident of the state of New York, (<u>see</u> Am. Compl. [Doc. No. 5] ¶¶ 1(a), 1(b), 1(g), 6-7), but fail to properly aver the citizenship of these individuals because Plaintiffs do not

---

2. The parties are reminded that they "may not confer subject matter jurisdiction by consent." <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 375 F.3d 392, 396 (3d Cir. 2004).

state whether these individuals are citizens of Pennsylvania, New Jersey, and New York, respectively, rather than merely residents of these states, see McNair v. Synapse Group Inc., --- F.3d ---, No. 11-1743, 2012 WL 695655, at *3 n.4 (3d Cir. Mar. 6, 2012) (averments that parties are "'residents' of their respective states" as opposed to "'citizens' or domiciliaries' of those states" are "jurisdictionally inadequate in [a] diversity of citizenship case"); and

Plaintiffs aver that Defendant Beam Global Spirits and Wine, Inc., is "headquartered" at 510 Lake Cook Road, Deerfield, Illinois, and that Defendant Beam Global Spirits and Wine, Inc., has its principal place of business in Illinois at the same address set forth above, (see Am. Compl. [Doc. No. 5] ¶¶ 1(c), 8), but fail to properly aver the citizenship of this corporation[3] because Plaintiffs do not aver the state of incorporation for Beam Global Spirits and Wine, Inc., see Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of

---

3.  It appears from the answer to Plaintiffs' amended complaint, that Defendant Beam Global Spirits and Wine, Inc., may in fact be a limited liability company as opposed to a corporation.  (See Answer [Doc. No. 7] ¶ 8.)  If Defendant Beam Global Spirits and Wine is an LLC rather than a corporation, Plaintiffs similarly failed to aver the citizenship of this LLC as set forth in this Order to Show Cause.

business.") (citing 28 U.S.C. § 1332(c));[4] and

Plaintiffs aver that Defendants SGC Global, LLC, and Skinny Girl Cocktails, LLC, are Delaware limited liability companies with principal places of business at 35 East 85th Street, Apartment 2D, New York, New York, (see Am. Compl. [Doc. No. 5] ¶¶ 1(e), 1(f), 10-11), but fail to properly aver the citizenship of these LLCs because Plaintiffs do not identify and aver the citizenship of each of the members of these Defendant LLCs, see Zambelli, 592 F.3d at 418 ("[T]he citizenship of an LLC is determined by the citizenship of each of its members.").[5]

---

4.  The Court notes that to properly plead the citizenship of a corporation, the law also requires that a complaint state "its" principal place of business, not "a" principal place of business. See S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming dismissal of complaint alleging that corporation maintained "a principal place of business" rather than "its principal place of business"); Lincoln Nat'l Life Ins. Co. v. Balyasnaya J. Life Ins. Trust, No. 08-6315, 2009 WL 198240, at *1 (D.N.J. Jan. 23, 2009) (dismissing complaint for lack of jurisdiction where plaintiff only alleged where it maintained "a" principal place of business).

5.  The Court recognizes that "because subject matter jurisdiction in this action is based on the Class Action Fairness Act, 28 U.S.C. § 1332(d), Plaintiff[s] need not establish complete diversity of citizenship, but only minimal diversity." Guidotti v. Legal Helpers Debt Resolution, L.L.C., --- F. Supp. 2d ---, 2011 WL 6720936, at *2 n.1 (D.N.J. Dec. 20, 2011). However, Plaintiffs have failed to properly plead the citizenship of any of Plaintiffs, and have only properly pled the citizenship of one Defendant, Jim Beam Brands Co.  Therefore, at this time, the Court is unable to determine whether minimal diversity exists in this case.

Accordingly,

IT IS on this ____5th____ day of ____April____, 2012, hereby

**ORDERED** that the parties shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. The parties shall have ten (10) days to respond to this Order by filing a joint attorney certification stating the citizenship of the following individuals: Plaintiff Maureen Stewart, Plaintiff Kelly Lamicella, and Defendant Bethenny Frankel; as well as the citizenship of Defendants SGC Global, LLC, and Skinny Girl Cocktails, LLC,[6] by identifying each member of the respective LLC and setting forth the citizenship of each member.[7] If the parties fail to do so, this case will be dismissed for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(h)(3).

At Camden, New Jersey

_/s/ Noel L. Hillman_
NOEL L. HILLMAN, U.S.D.J.

---

6. In the event Defendant Beam Global Spirits and Wine, Inc. is an LLC rather than a corporation as pled in the amended complaint, the joint attorney certification shall also properly state the citizenship of this LLC in accordance with Zambelli.

7. If a member of the LLC is also an LLC or a corporation, then each member of the LLC must be identified and its citizenship pled, and for any such member that is a corporation, the state of incorporation and the principal place of business must be identified and pled. See Zambelli, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.")(quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).