```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| MAUREEN STEWART, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., et al.,<br><br>        Defendants. | Civil No. 11-5149-NLH-KMW |

**AMENDED SCHEDULING ORDER**

      This Scheduling Order confirms the directives given to counsel during the telephone status conference held on **May 9, 2012**; and the Court noting the following appearances: Evan A. Showell, Esquire, David B. Wolfe, Esquire, and Barbara S. Schweiger, Esquire, all appearing on behalf of the plaintiffs; Christopher Tomlin, Esquire, and Mary Yelenick, Esquire, appearing on behalf of the defendants, Beam Global Spirits & Wine, Inc. and Jim Bean Brands Co.; David Sellinger, Esquire, appearing on behalf of defendants Bethenny Frankel, Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.; and Laura Castner, Esquire, appearing on behalf of defendant Bethenny Frankel;

      IT IS this **9th** day of **May, 2012**, hereby **ORDERED**:

      1.   The time within which to seek amendments to the pleadings or to add new parties will expire on **June 4, 2012**.

      2. Plaintiffs' motion for class certification shall be filed by **June 15, 2012**. Defendants' oppositions to the motion shall be filed by **July 16, 2012**. Plaintiffs' reply shall be filed by **July 30, 2012**.

      3. Pretrial factual discovery is hereby extended to **January 15, 2013**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

      4.   **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge

Gawthrop, in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

The Court shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in Fed. R. Civ. P. 32(a)(4).

5. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendants not later than **February 15, 2013**. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiffs not later than **March 15, 2013**. Each such report should be accompanied by the <u>curriculum vitae</u> of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **April 15, 2013**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

The Court shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in Fed. R. Civ. P. 32(a)(4).

6. The Court will conduct a telephone status conference on **August 20, 2012 at 2:00 p.m**. Counsel for plaintiffs shall initiate the telephone call.

7. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under Fed. R. Civ. P. 16(b), and whether adversary counsel agree with the application.

The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F<small>ED</small>. R. C<small>IV</small>. P. 16(f).**

<u>s/ Karen M. Williams</u>
KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Noel L. Hillman