UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., a corporation; JIM BEAM BRANDS, CO.; SKINNY GIRL COCKTAILS, LLC; SGC GLOBAL, LLC; BETHENNY FRANKEL, and DOES 1 through 100, inclusive,<br><br>Defendants. | **Civil Action No. 1:11-cv-05149 (NLH) (KMW)** |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

---

SKOLOFF & WOLFE, P.C.

David B. Wolfe, Esq.
Jonathan W. Wolfe, Esq.
Barbara A. Schweiger, Esq.
Evan A. Showell, Esq.
293 Eisenhower Parkway
Livingston, New Jersey 07039

*Attorneys for Plaintiffs Maureen
Stewart and Kelly Lamicella*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................ii

TABLE OF AUTHORITIES ......................................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................................... 1

DISCUSSION .................................................................................................................................. 1

   I.     STANDARD OF REVIEW FOR MOTIONS TO AMEND A COMPLAINT ................... 1

   II.    THIS COURT SHOULD GRANT LEAVE TO AMEND PLAINTIFF'S
        COMPLAINT ....................................................................................................................... 2

      A.    The Complaint Seeks to Add One (1) Additional Plaintiff............................................ 2

      B.    Defendants Will Suffer No "Undue Prejudice" Should the Court Grant This Motion for
           Leave to Amend the First Amended Complaint ............................................................. 3

CONCLUSION ................................................................................................................................ 3

## TABLE OF AUTHORITIES

**Cases**

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989) .................................................................................................. 2, 3

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990) .................................................................................................. 1, 3

*Foman v. Davis*,
    371 U.S. 178 (1962) ................................................................................................................ 2

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*,
    663 F.2d 419 (3d Cir. 1981) .................................................................................................... 2

*Lorentz v. CSX Corp.*,
    1 F.3d 1406 (3d Cir. 1993) ...................................................................................................... 1

*New Jersey Office Supply, Inc. v. Feldman*, 1990 WL 153962 (D.N.J. 1990) ............................... 2

**Rules**

Fed. R. Civ. P. 15(a) ................................................................................................................. 1, 2

**PRELIMINARY STATEMENT**

Plaintiffs, Maureen Stewart and Kelly Lamicella (the "Plaintiffs"), respectfully submit this brief in support of their motion to amend the First Amended Complaint (the "Motion") to include an additional plaintiff who was integrally involved in the facts and circumstances giving rise to this action and to establish residency and citizenship of the various parties to this action as previously agreed by joint stipulation dated April 16, 2012.

Under the liberal standard of Rule 15 of the Federal Rules of Civil Procedure, Plaintiff's application to amend should be granted for a myriad of reasons. First, Plaintiff's application is timely under this Court's May 9, 2012 Amended Scheduling Order, which provides that motions to amend pleadings must be filed by June 4, 2012. Second, this matter is still in its initial stages of discovery. Finally, the Defendants will suffer no prejudice if the Plaintiffs are allowed to amend their pleading, whereas the Plaintiffs may lose the ability to seek redress for the substantial damage that they suffered as a result of the Defendants' wrongful conduct if leave is not granted by the Court. Accordingly, leave to amend should be granted in the interest of justice so that this matter can be fully and fairly litigated to its conclusion.

**DISCUSSION**

**I.    STANDARD OF REVIEW FOR MOTIONS TO AMEND A COMPLAINT**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading once before a responsive pleading is served, or thereafter upon leave of court or on consent from the adversary. *See* Fed. R. Civ. P. 15(a). The rule further provides that "leave should be freely given when justice so requires." *Id.*; *see also Lorentz v. CSX Corp.,* 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990); *see also Bechtel v. Robinson*, 886 F.2d

644 (3d Cir. 1989) (providing that courts should use "strong liberality" to grant leave to amend). The same liberal standard under Rule 15(a) applies to amending a pleading to add new parties. *See e.g. New Jersey Office Supply, Inc. v. Feldman*, 1990 WL 153962 (D.N.J. 1990) (applying Rule 15(a) to a party's application to amend and add a party).

In fact, the Supreme Court has long since recognized that leave to amend should be denied only upon a showing of "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); s*ee also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

## II. THIS COURT SHOULD GRANT LEAVE TO AMEND PLAINTIFF'S COMPLAINT

### A. The Complaint Seeks to Add One (1) Additional Plaintiff

As detailed in the proposed Second Amended Complaint (attached hereto as Exhibit A) (the "Complaint"), this action arises out of Plaintiffs' purchase of Skinny Girl Margarita products wrongfully marketed as "All Natural." Plaintiffs seek to add an additional Plaintiff in the Complaint, Nicole Bello, an individual. As set forth in the Complaint, Ms. Bello was personally and intimately involved with the facts and circumstances of the underlying action and has a desire to represent the class.

Specifically, Plaintiff Bello has purchased "Skinny Girl" products for her own use and enjoyment as well as for entertaining. Plaintiff made purchases of Skinny Girl at a liquor store in New Jersey and was drawn to Skinny Girl because it was marketed as "all natural." Plaintiff Bello became known to counsel in the ordinary course of discovery.

### B.   Defendants Will Suffer No "Undue Prejudice" Should the Court Grant This Motion for Leave to Amend the First Amended Complaint

The Defendants will not be unduly prejudiced by Amendment to the First Amended Complaint. The Motion seeking leave to file the Complaint has been timely filed within the timeframe established by the Court's Amended Scheduling Order of May 9, 2012, in this action. Additionally, the parties are in the very initial stages of discovery. As such, the Defendants cannot in any way demonstrate that their "ability to present [their] case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d 488; *Bechtel*, 886 F.2d at 652. Accordingly, there would be no prejudice, let alone *undue prejudice*, to the Defendants in permitting Plaintiffs to amend their complaint to add an additional class representative.

### CONCLUSION

By reason of the foregoing, Plaintiffs respectfully request that the Court grant their Motion for leave to further amend the First Amended Complaint to include Nicole Bello as an additional Plaintiff.

**SKOLOFF & WOLFE, P.C.**

Dated: June 4, 2012          By:    /s/ David B. Wolfe
                                    David B. Wolfe
                                    Jonathan W. Wolfe
                                    Barbara A. Schweiger
                                    Evan A. Showell

                                    *Attorneys for Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this, the 4th day of June, 2012, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                  /s/ David B. Wolfe