

                                                                   Evan A. Showell

973.232.4023 *tel* ▪ 973.232.4024 *fax* ▪ eshowell@skoloffwolfe.com

June 19, 2012

<u>VIA ECF</u>
Hon. Karen M. Williams
United States Magistrate Judge
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, N.J. 08101

    Re:    <u>Stewart v. Beam Global Wine & Spirits, et al.</u>
              Case No.: 1:11-cv-05149 (NLH)(KMW)

Dear Magistrate Judge Williams:

We represent Plaintiffs and write in response to John Kearny's June 18, 2012 letter to the Court on behalf of all Defendants. I write to advise the Court of Plaintiffs' position on the merits of the proposed protective order.

Having vigorously opposed MDL treatment of this and several related actions last fall, the Beam Defendants, who are apparently spearheading the defense effort, now seek to impose one-sided consolidation on Plaintiffs. In other words, they seek to impose on Plaintiffs the terms of a protective order that Defendants negotiated with counsel in other actions -- in California and Florida -- but which Plaintiffs in this action have expressly rejected. Specifically, Plaintiffs rejected Defendants' proposed treatment of "Highly Confidential" information because it effectively dictates who Plaintiffs may choose as expert witnesses by giving Defendants a potential veto over that choice. The framework proposed by Defendants will only serve to manufacture additional collateral litigation, thereby driving up Plaintiffs' litigation costs. Having vociferously opposed MDL consolidation, the Beam Defendants should now live with the consequences, which may involve less than uniform discovery protocols across the various cases.[1]

Defendants' proposed addition to the Appendix S form of Protective Order is exactly the concept Plaintiffs have expressly rejected in negotiations. Plaintiffs understand Appendix S to be the default form of protective order to be entered in the absence of

---

[1] *See* Exhibit A, Response by Beam Global Spirits and Wines, L.L.C., Jim Beam Brands Co., and Beam Inc. in Opposition to Van Kaenel's Motion for Transfer Pursuant to 28 U.S.C. § 1407, at 7 ("Movant also has not established that transfer would conserve the parties' resources or avoid duplicative discovery.").

Hon. Karen M. Williams, U.S.M.J.
June 19, 2012
Page 2 of 2

agreement by the parties.  *See* Lite, *N.J. Fed. Prac. R.,* L. Civ. R. 5.3 cmt.3 (Gann).  As Mr. Kearney admits in his June 18, 2012 letter, the parties have reached an impasse.  Accordingly, Plaintiffs believe it appropriate for the Court to enter a form of protective order consistent with Appendix S and without the modification Defendants suggest.

As the Court is well-aware, Appendix S includes a form to be executed by potential recipients of sensitive business information indicating that they will refrain from disclosing or using confidential information for purposes other than performing their expert assignments related to the case.  Plaintiffs believe that form adequately protects Defendants' interests.

Additionally, the Court should be aware that Defendants have delayed producing documents in the case ostensibly because they marked certain documents "Confidential" and "Highly Confidential" pursuant to a scheme they negotiated in other cases.  It was Defendants' choice to mark and categorize the documents before the parties in this case agreed on a form of protective order.  Additionally, it is highly unlikely that every responsive document deserves confidential treatment.

With respect to class certification motion briefing, Plaintiffs believe Defendants' suggested timing is impracticable because it is keyed to the date of the entry of a protective order and not to the date of production of sales and marketing data needed for briefing.  Plaintiffs welcome the opportunity to discuss the production and briefing schedules on Thursday's conference call.  Defendants have offered no satisfactory explanation for why class certification-related discovery is not already assembled and ready for production immediately upon entry of a protective order.

Respectfully submitted,

*/s/ Evan A. Showell*
Evan A. Showell

cc via ECF only:
All counsel of record registered to receive ECF notification