# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, and NICOLE BELLO, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>                         Plaintiffs,<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., a corporation; JIM BEAM BRANDS CO., a corporation; SGC GLOBAL L.L.C., a limited liability company; SKINNY GIRL COCKTAILS, L.L.C., a limited liability company; BETHENNY FRANKEL, and DOES 1 through 100, inclusive,<br><br>                         Defendants. | **Civil Action No. 1:11-cv-05149 (NLH) (KMW)**<br><br><br><br><br><br><br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiffs Maureen Stewart, Kelly Lamicella, and Nicole Bello, individually and on behalf of all others similarly situated, hereby complain and allege on information and belief as follows:

## ALLEGATIONS PURSUANT TO LOCAL CIVIL RULE 10.1

1.    The names and addresses of the parties to this action are as follows:

    a.    Plaintiff Maureen Stewart resides at 1316 Leedom Road, Havertown, Pennsylvania 19083 and is a resident and citizen of Pennsylvania.

    b.    Plaintiff Kelly Lamicella resides at 1083 Warren Point Road, Toms River, New Jersey 08753 and is a resident and citizen of New Jersey.

c.      Plaintiff Nicole Bello resides at 1088 Warren Point Road, Toms River, New Jersey 08753 and is a resident and citizen of New Jersey.

d.      Defendant BEAM GLOBAL SPIRITS & WINE, INC., which, since the filing of this action, has come to be known as BEAM GLOBAL SPIRITS & WINE, LLC, is headquartered at 510 Lake Cook Road, Deerfield, Illinois 60015.  Beam Global Spirits & Wine LLC ("BEAM GLOBAL") is a citizen of the State of Illinois and the State of Delaware, because Beam Inc., its sole member, is incorporated under the laws of the State of Delaware with its principal place of business in the State of Illinois.

e.      Defendant JIM BEAM BRANDS CO. ("JIM BEAM") is a Delaware corporation with its principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015.  JIM BEAM, upon information and belief, is the current owner of the trademark "Skinnygirl" for prepared alcoholic beverages and is a resident and citizen of Illinois.

f.      Defendant SGC GLOBAL, L.L.C. ("SGC") is a Delaware limited liability company with a principal place of business at 35 E. 85th St., Apt. 2D, New York, New York 10014 and is a resident and citizen of New York.  Defendant Skinny Girl Cocktails LLC is the former name of Defendant SGC Global LLC, which is a Delaware limited liability company with its principal place of business in the State of New York. The members of Defendant SGC Global LLC are as follows:

i.   Marc D. Taub, a citizen of the State of New York.

ii.  David S. Taub, a citizen of the State of New York.

iii. SGC Kanbar LLC, a Delaware limited liability company with its principal place of business in the State of New York.  Its members are David Kanbar , a citizen of New York; Albert Roer, a citizen of Colorado; Elliot Menkowitz, a citizen of Pennsylvania; The Roer Family Trust, a citizen of California; Jessica Basso, a citizen of New York; Marc Roer, a citizen of Illinois; Omer Malchin, a

2

citizen of California; Steven Dressler, a citizen of Pennsylvania; and S.Korolnek Holdings, Inc. is 100% owned by 7285604 Canada Inc. (a Canadian Corporation) (which is 100% owned by Stephen Korolnek a Canadian resident).

iv. BB Endeavors LLC, a New York limited liability company with its principal place of business in the State of New York, whose only member is Defendant BETHENNY FRANKEL, a citizen of the State of New York

g.     Defendant SKINNY GIRL COCKTAILS, L.L.C. ("SKINNY GIRL COCKTAILS") is or was a Delaware limited liability company with a principal place of business at 35 E. 85th St., Apt. 2D, New York, New York 10014 and is a resident and citizen of New York.

h.     Defendant BETHENNY FRANKEL is an individual residing, upon information and belief, at 195 Hudson St. New York, New York 10013 and is a resident and citizen of New York.

3

## INTRODUCTION

2.      This is a class action brought on behalf of all United States consumers who purchased Defendants' drink products called "Skinny Girl Margarita." (sometimes referred to herein as "Skinny Girl").  Defendants market and sell, or marketed and sold, Skinny Girl, targeting health conscious adults, as an "all natural" product with the marketing slogan "the Margarita you can trust."  Defendants undertook an extensive media campaign promoting Skinny Girl in, among other states, New Jersey, New York and Florida, and claim, expressly and impliedly, that Skinny Girl:

  a.  is "all natural,"

  b.  does not contain any preservatives,

  c.  is a healthy alternative to other commercial Margarita products presently available,

  d.  uses only natural ingredients.

3.      These claims are false, deceptive, and misleading.  Defendants made these bold claims in advertisements and on the product containers while knowing the claims were false.  Recently, a product spokesperson for Skinny Girl, admitted that Skinny Girl does, in fact, contain sodium benzoate, a chemical preservative (the "Preservative").

4.      Moreover, upon information and belief, when the Preservative is mixed with acids, such as citric acid found in the lime juice used to make Margaritas, it can become a potential carcinogen.

5.      Following the public disclosure of the existence of the Preservative by Whole Foods, the Defendants have admitted that Skinny Girl is not "all natural" and that it contains a preservative.  These admissions include, *inter alia,* Defendant Frankel's statement that she was "not making wheatgrass" and that Skinny Girl was "as close to nature as possible, while still being a shelf-stable product."

6.      By this Complaint, Plaintiffs Maureen Stewart, Kelly Lamicella, and Nicole Bello, on behalf of themselves individually and all similarly situated individuals,

seek an injunction to halt Defendants' unlawful, unfair, and fraudulent conduct; as well as damages, restitution, and all other appropriate remedies to compensate themselves and all similarly-situated purchasers for their losses.

**<u>PARTIES</u>**

7.      Plaintiff Maureen Stewart ("Stewart," and together with Plaintiff Lamicella and Plaintiff Bello, "Plaintiffs") is an individual who at all times herein relevant resided, and continues to reside in the State of Pennsylvania.  Since May 2011, Plaintiff Stewart has been routinely purchasing "Skinny Girl" for her own use and enjoyment as well as for entertaining friends.  Plaintiff Stewart's initial purchase of Skinny Girl was made during the weekend of May 21-22, 2011 at Fred's Avalon Liquor Store in Avalon, New Jersey. Plaintiff Stewart made additional, repeated purchases of the product in New Jersey. Because of what Defendants said on the packaging of Skinny Girl, Plaintiff Stewart believed that the beverage product was an, "all natural" healthier alternative to other commercially-available Margarita beverage products.  Plaintiff Stewart purchased Skinny Girl because she is generally health conscious and attempts to purchase "all natural" products when available.  Plaintiff Stewart had no cause to believe that Skinny Girl contained the Preservative.  After recent publicity surrounding the withdrawal of Skinny Girl from retail sale by Whole Foods, Inc. due to the product not being "all natural" as advertised, and Defendant Frankel's admission that Skinny Girl contained sodium benzoate, a common preservative, Plaintiff Stewart was upset to learn that Skinny Girl had been marketed to her under false, deceptive, misleading and fraudulent pretenses and that the product was admittedly not "all natural" and that any such claims were clearly deceptive.

8.      Plaintiff Kelly Lamicella ("Lamicella," and together with Plaintiff Stewart and Plaintiff Bello, "Plaintiffs") is an individual who at all times herein relevant resided, and continues to reside in the State of New Jersey.  Since approximately May 2011, Plaintiff Lamicella has been routinely purchasing "Skinny Girl" in New Jersey for her

5

own use and enjoyment as well as for entertaining friends.  Plaintiff Lamicella made some of her purchases of Skinny Girl at Spirits Unlimited on Bridge Avenue in Point Pleasant, New Jersey.  Because of what Defendants said on the packaging of Skinny Girl and magazine advertisements, among other things, Plaintiff Lamicella believed that the beverage product was an, "all natural" healthier alternative to other commercially-available Margarita beverage products.  Plaintiff Lamicella purchased Skinny Girl because she is generally health conscious and attempts to purchase "all natural" products when available.  Plaintiff Lamicella had no cause to believe that Skinny Girl contained the Preservative.  After recent publicity surrounding the withdrawal of Skinny Girl from retail sale by Whole Foods, Inc. due to the product not being "all natural" as advertised, and Defendant Frankel's admission that Skinny Girl contained sodium benzoate, a common preservative, Plaintiff Lamicella was upset to learn that Skinny Girl had been marketed to her under false, deceptive, misleading and fraudulent pretenses and that the product was admittedly not "all natural" and that any such claims were clearly deceptive.

9.     Plaintiff Nicole Bello ("Bello," and together with Plaintiffs Stewart and Lamicella, "Plaintiffs") is an individual who at all times herein relevant resided, and continues to reside in the State of New Jersey.  Since approximately December 2009, Plaintiff Bello has purchased "Skinny Girl" in New Jersey for her own use and enjoyment as well as for entertaining.  Plaintiff Bello made some of her purchases of Skinny Girl at Spirits Unlimited in Toms River, New Jersey.  Plaintiff Bello was drawn to Skinny Girl as a result of the packaging which caused her to believe that the product was an "all natural" alternative to other commercially-available Margarita beverage products. Plaintiff Bello had no cause to believe that Skinny Girl contained the Preservative.  After recent publicity surrounding the withdrawal of Skinny Girl from retail sale by Whole Foods, Inc. due to the product not being "all natural" as advertised, and Defendant Frankel's admission that Skinny Girl contained sodium benzoate, a common preservative, Plaintiff Bello was upset to learn that Skinny Girl had been marketed to her under false, deceptive, misleading and

6

fraudulent pretenses and that the product was admittedly not "all natural" and that any such claims were clearly deceptive.

10.     Defendant BEAM GLOBAL was, at the time of the filing of this action, a corporation whose principal place of business was 510 Lake Cook Road, Deerfield, Illinois.  Upon information and belief, in October 2011, Beam Global Spirits & Wine, Inc. became Beam Global Spirits & Wine, LLC, which is a citizen of the State of Illinois and the State of Delaware, because Beam Inc., its sole member, is incorporated under the laws of the State of Delaware with its principal place of business in the State of Illinois.

11.     Defendant JIM BEAM is a corporation whose principal place of business is 510 Lake Cook Road, Deerfield, Illinois and is a citizen of Illinois.

12.     Defendant SGC is a Delaware limited liability company with its principal place of business located in New York.  Its members are:

    a.   Marc D. Taub, a citizen of the State of New York.

    b.   David S. Taub, a citizen of the State of New York.

    c.   SGC Kanbar LLC, a Delaware limited liability company with its principal place of business in the State of New York.  Its members are David Kanbar, a citizen of New York; Albert Roer, a citizen of Colorado; Elliot Menkowitz, a citizen of Pennsylvania; The Roer Family Trust, a citizen of California; Jessica Basso, a citizen of New York; Marc Roer, a citizen of Illinois; Omer Malchin, a citizen of California; Steven Dressler, a citizen of Pennsylvania; and S. Korolnek Holdings, Inc. is 100% owned by 7285604 Canada Inc. (a Canadian Corporation) (which is 100% owned by Stephen Korolnek a Canadian resident).

    d.   BB Endeavors LLC, a New York limited liability company with its principal place of business in the State of New York, whose only member is Defendant Frankel, a citizen of the State of New York.

13.     Defendant SKINNY GIRL COCKTAILS was a limited liability company

during the putative class period, with its principal place of business located in New York, New York and is a citizen of New York.

14.     Defendant Frankel is a reality television star, best-selling author, natural foods chef and entrepreneur who has cultivated an image of promoting a healthy lifestyle generally and has cashed in on that reputation by, together and acting in concert with the other defendants, knowingly and deceptively promoting Skinny Girl as an all natural product since Skinny Girl Margarita was launched in 2009.  Defendant Frankel has now admitted that the product is not all natural stating that she was "not making wheatgrass" and that the Skinny Girl Margarita product was as "close to nature as possible while still being a shelf-stable product."  Frankel thereby conceded her knowledge of the fact that Skinny Girl, while marketed as "all natural," contains an artificial preservative and potential carcinogen, sodium benzoate.  Frankel is a citizen of New York.

15.     Plaintiffs are unaware of the true names, identities or capacities, whether individual, corporate, associate or otherwise, of those Defendants sued herein as DOES 1 through 100, inclusive.  Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of these Defendants when they are ascertained.

16.     Plaintiffs are informed and believe and on that basis allege that Defendants sued herein as DOES 1 through 100, inclusive, and each of them, are in some way responsible for the acts and events complained of herein, and proximately caused the injuries and damages to Plaintiffs which are described in this Complaint.  Plaintiffs will seek leave of court to amend this Complaint to more specifically set forth these Defendants' wrongful conduct when it has been ascertained.

17.     Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned, Defendants, and each of them, were the parent companies, subsidiary companies, agents and/or employees of the remaining defendants and, in doing the things herein complained of, were acting within the course and scope of such parent/subsidiary

relationship, agency and/or employment, and that each and every defendant when acting
as a principal, was negligent in the selection and hiring of each and every other defendant
as an agent, employee and/or joint venturer.  All actions of each defendant as alleged
herein were ratified and approved by every other defendant or their officers or managing
agents.

### JURISDICTION AND VENUE

18.     This Court has jurisdiction over this action, which does not involve a
federal question, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), given
that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of
$5,000,000.  Moreover, the matter involves a class action in which plaintiff class members
are citizens of states different from BEAM GLOBAL, JIM BEAM, SGC, SKINNY GIRL
COCKTAILS and Frankel.  Additionally, more than two-thirds of the plaintiff class
members reside in states other than the states of which BEAM GLOBAL, JIM BEAM.
SGC, SKINNY GIRL and Frankel are citizens.

19.     The Court has in personam jurisdiction over the Defendants because
Defendants pursued a false and fraudulent advertising campaign targeting individuals who
shop in New Jersey and reside in New Jersey and nearby states, and sold and distributed
Skinny Girl products at numerous retail outlets in the State of New Jersey, including,
without limitation, Whole Foods.

20.     The Court has jurisdiction over BEAM GLOBAL, JIM BEAM, SGC,
SKINNY GIRL and Frankel because they are licensed to do business in New Jersey,
and/or have continuous and systematic business contacts with New Jersey, and have
sufficiently and purposefully availed themselves of the benefits of doing business within
New Jersey such that they may reasonably expect to be hailed into New Jersey courts.

21.     Venue is proper in the District of New Jersey because Defendants BEAM
GLOBAL, JIM BEAM, SGC, SKINNY GIRL are authorized to do business in the District
of New Jersey and/or have purposefully availed themselves of the benefits and burdens of

New Jersey law and transacting business in this State through the advertisement, distribution and sale of their products in this district, do substantial business in this district and are subject to personal jurisdiction in New Jersey.  Similarly, defendant Frankel has also purposefully availed herself of the benefits of transacting business in New Jersey by promulgating advertisements designed to induce New Jersey consumers to purchase Skinny Girl products in New Jersey and they have done so.  Frankel transacts substantial business in New Jersey and is subject to personal jurisdiction in the District of New Jersey as well.

### FACTUAL ALLEGATIONS

22.    Plaintiffs allege and incorporate by reference each and every allegation contained above, as if set forth at this point.

23.    Upon information and belief, trading on her celebrity due to participation in the cable television programs "Real Housewives of New York City" and "Bethenny Ever After," among others, and as a New York Times Best selling author and celebrity natural food chef and promoter of a health-conscious lifestyle through her website, www.bethenny.com, defendant Frankel created the Skinny Girl brand as retail products promoting a health-conscious lifestyle.   In particular, Frankel created Skinny Girl Margarita as an "all natural" alternative to other commercially available margarita beverage products.  Skinny Girl Margarita was touted by Defendants, including without limitation, Frankel, as an "all natural" product so as to appeal to health conscious consumers.  *See, e.g*.; Exhibit A, screen shots of a YouTube video uploaded by Frankel's publisher, Simon & Schuster, in 2010, and still available at: http://www.youtube.com/watch?v=CtouYI8H4d8, as is another 2009 video uploaded to YouTube by Fox News at http://www.youtube.com/watch?v=k3S5tuyQUR4.

24.    The video represented by the screen shots attached as Exhibit A shows one example of many videos in which Frankel was marketing Skinny Girl Margarita as the "all

natural" "margarita you can trust" as early as September 2009, while it was owned by SGC.  In the audio to the video, Frankel refers to Skinny Girl as "all natural."  The screen prints attached hereto show that this product has been marketed on the web since before SG was sold to Beam.

25.     In addition, the Wall Street Journal reported that defendant Frankel stated that Skinny Girl Margarita "has only natural ingredients, with no preservatives or artificial colors" following the acquisition of Skinny Girl by defendant BEAM GLOBAL.  *See* David Kesmodel, *Fortune Brings Skinny Girl into Fold*, Wall St. J., Mar. 21, 2011, a copy of which is attached hereto as Exhibit B.

26.     On or about September 1, 2011 Whole Foods, Inc. announced that it was withdrawing Skinny Girl Margarita products from its retail outlets given that Skinny Girl was found to contain quantities of sodium benzoate, an artificial preservative and, upon information and belief, when mixed with citrus products such as lime juice – an ingredient of margaritas -- a potential carcinogen.

27.     In response to Whole Foods' action defendant Frankel is reported to have admitted, in words or substance that Skinny Girl contained a preservative and that she was aware of same.  Specifically, defendant Frankel admitted that she "was not making wheatgrass" and that Skinny Girl was "as close to nature as possible, while still being a shelf-stable product."  Additionally, a Skinny Girl representative is reported to have stated that "Skinny Girl Margarita contains very low levels of sodium benzoate (a preservative) so it can stay on the shelves."  *See, e.g*., Exhibit C., Access Hollywood, Bethenny Frankel Responds to Skinnygirl Cocktail's Removal from Whole Foods, Sept. 1, 2011, available at http://www.accesshollywood.com/access-exclusive-bethenny-frankel-not-losing-a-wink-of-sleep-over-skinnygirl-cocktail-controversy_article_52936; Exhibit D, Be Food Smart, Whole Foods Pulls Bethenny Frankel's Skinnygirl Line Off Shelves, Sept. 6, 2011, available at http://www.befoodsmart.com/blog/whole-foods-pulls-bethenny-frankels-skinnygirl-line-off-shelves/.

28.     Following Whole Foods' announcement that it was removing the Product from its stores, the Defendants admitted on the Skinny Girl website that the Product was not "all natural" and that it contained a preservative.

29.     Defendants claim, expressly and impliedly, among other things, that Skinny Girl margarita:

    a.   is "all natural",

    b.   that it contains no preservatives,

    c.   that it is a healthier alternative to other commercially-available margarita beverage products

30.     Defendants made these claims as part of a national marketing strategy, permeating all forms of media to advertise their Skinny Girl products.  These claims were made on every bottle of the Product, on taxi signboards and billboards and on the Internet, and in national print publications, among other media.

31.     Defendants' uniform marketing scheme and advertising message that Skinny Girl Margarita is "all natural" and that it is a product that consumers "can trust" and is a healthier alternative to other commercially-available margarita products is designed to cause consumers to buy Defendants' product.

32.     These claims are all deceptive, false, fraudulent and misleading. Defendants made these bold claims in advertisements and on the product containers, without any reasonable basis for doing so and, in fact, knowing at the time they were made that such claims were in fact false and/or misleading.  The deceptive marketing and advertising campaign successfully caused Plaintiffs to purchase the Defendants' product.

33.     For example, on the Skinny Girl Web site Defendants listed Skinny Girl Margarita as an "all natural" product.  Defendants, through defendant Frankel, have admitted that Skinny Girl is in fact not an "all natural product" and contains the preservative and potential carcinogen sodium benzoate.

**CLASS ALLEGATIONS**

34.     Plaintiffs allege and incorporate by reference each and every allegation contained above, as if set forth at this point.

35.     This action may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b).

36.     Plaintiffs bring this Amended Complaint on behalf of the Class.  The Class is defined as:

> **All persons in the United States who purchased Skinny Girl Margarita products from the launch of the product to the date of Plaintiffs' original complaint.**
>
> **The class expressly excludes those who purchased Skinny Girl Margarita products for resale, as well as Defendants and their employees, affiliates, subsidiaries, principals, agents, representatives, and co-conspirators.**
>
> **Plaintiffs reserve the right to amend the definition of Class members prior to class certification.**

37.     **Numerosity**:  Plaintiffs are informed and believe that the Class consists of millions of consumers throughout the United States who purchased Skinny Girl Margarita products.  The members of the Class are so numerous that separate joinder of each member is impractical.  However, appropriate discovery can determine the number of class members.  The disposition of claims in a class action will provide substantial benefits to the parties and the Court.  Upon information and belief, Defendants have sold several million dollars worth of Skinny Girl Margarita products to the consuming public during the class period.

38.     **Commonality**:  The claims of the representative Plaintiffs raise questions of law and fact that are common to questions of law and fact raised by the claims of each member of the Class.

39.     Questions of law and/or fact that are common include but are not limited to:

(A)     Whether Defendants had a reasonable basis for making the claim that Skinny Girl Margarita is an "all natural" product.

(B)     Whether or not the Defendants' above-described claims were false and misleading.

(C)     Whether Defendants' above-described false claims were made knowingly for the purpose of deceptively inducing consumers to purchase Defendants' Skinny Girl products.  For example, Plaintiffs are informed and believe that Defendants, in a uniform and pervasive manner, deceptively marketed the express and implied health benefits of Skinny Girl.  In fact, all of the product packaging contained uniform representations in a form substantially similar to Exhibit E.

(D)     Whether Defendants misrepresented Skinny Girl Margarita products, expressly and impliedly, as being an "all natural" healthier alternative to other commercially-available margarita beverage products.

(E)     Whether Defendants engaged in unlawful conduct in violation of the Consumer Fraud Act, N.J.S.A. 56:8-2.

(F)     Whether Defendants engaged in unfair, deceptive and/or unlawful practices that violated the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.

(G)     Whether Defendants made a materially false statement to induce consumers to purchase Skinny Girl Margarita products.

(H)     Whether the Defendants unfairly or unlawfully received and/or retained revenue acquired through the scheme alleged in this Second Amended Complaint.

(I)     Whether Defendants committed common law fraud in their

marketing of Skinny Girl Margarita products.

(J)     Whether Defendants conspired and agreed among themselves to commit fraud in the marketing, sale and advertising of Skinny Girl Margarita products.

(K)     Whether Defendants are liable for punitive damages in connection with their fraudulent marketing of Skinny Girl Margarita products.

40.     **Typicality**:  Plaintiffs' claims are typical of the claims of the Class in that the claims of all members of the Class result from Defendants' sale and marketing of Skinny Girl as being an "all natural," product aimed at health conscious individuals.

41.     **Representation**:  There is no conflict between the representative Plaintiffs and other members of the Class with respect to this action, or with respect to the claims for relief herein set forth.

42.     The named Plaintiffs are the representative parties for the Class and are able to and will fairly and adequately protect the interests of the Class.

43.     A class certified for injunctive relief is appropriate because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

44.     The questions of law or fact common to the claims of the representative Plaintiffs and the claims of each member of the class predominate over any questions of law or fact affecting individual members of the Class.  Class representation is superior to other available methods for the fair and efficient adjudication of this controversy.

45.     Conjunctively or alternatively, a class certified for damages is also appropriate.  Common questions of law and fact predominate over individual questions. For instance, all injuries sustained by any member of the class arise out of the singular conduct of Defendants in uniformly providing misleading information, expressly and impliedly, regarding Skinny Girl Margarita products and in offering and selling their products through unfair and illegal conduct and false and misleading advertising and

misrepresentations.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because class actions are generally considered the superior form of disposing of cases involving consumer fraud, especially where there is a common nucleus of law and facts, and the amount of money at stake for each potential class member is too small to warrant prosecution of separate actions.  Even if any group of class members itself could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court.

## FIRST CAUSE OF ACTION
**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("CFA"))**
**(Against All Defendants)**

47.     Plaintiffs allege and incorporate by reference each and every allegation contained above, as if set forth at this point.

48.     The Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-2, makes it unlawful for companies like Defendants BEAM GLOBAL, JIM BEAM, SGC, SKINNY GIRL COCKTAILS and individuals such as Frankel to employ "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, . . . in connection with the sale or advertisement of any merchandise . . . whether or not any person has in fact been misled, deceived, or damaged thereby . . . ."

49.     Moreover, a person suffers "any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under" the CFA "may bring an action . . . therefor in any court of competent jurisdiction" for "legal or equitable relief," including treble damages "sustained by any person in interest," pursuant to N.J.S.A. 56:8-19.

50.     Defendants violated the CFA by dishonestly representing Skinny Girl

Margarita products to be "all natural," when, in fact, they contain sodium benzoate, an artificial preservative and potential carcinogen.

51.     These misrepresentations and omissions of Defendants were intended to result and did result in the sale of products sold and/or manufactured by Defendants to the consuming public and violated and continue to violate the CFA.

52.     Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

53.     As a result of Defendants' conduct, Plaintiffs and the Class are entitled to restitution and damages equal to the amounts that they expended in the purchase of Skinny Girl Margarita products.

54.     In the alternative, Plaintiffs and the Class are entitled to restitution and damages equal to the amounts that they paid in excess of what they would have paid for similar consumer products that did not fraudulently tout themselves as being "all natural."

55.     Plaintiffs have standing to bring an action pursuant to the CFA on behalf of themselves and the Class because Plaintiffs and the members of the Class have sustained ascertainable losses as a result of Defendants' wrongful conduct, *i.e.*, Plaintiffs and the members of the Class received something less than, and different from, what they reasonably expected in view of Defendants' representations in advertisements and on the product packaging.

56.     Plaintiffs have incurred attorneys' fees and costs in connection with the filing of this Second Amended Complaint and anticipate incurring additional attorneys' fees and costs in connection with the prosecution of this action.  An award of attorneys' fees, filing fees, and reasonable costs of suit is therefore appropriate pursuant to, among other grounds, N.J.S.A. 56:8-19.

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)
### (Against All Defendants)

57.     Plaintiffs allege and incorporate by reference each and every allegation
contained above, as if set forth at this point.

58.     When Defendants made the above-referenced representation about Skinny
Girl Margarita products being "all natural," they had no reasonable ground for believing
that to be true.

59.     Defendants made the above-referenced representation with the intention of
inducing Plaintiffs to act in reliance on these express and implied representations by
purchasing Skinny Girl Margarita products.

60.     Defendants had superior knowledge and information regarding the truth
about Skinny Girl and the Class members did not have access to this information.

61.     Defendants' unlawful conduct was directed to, among others, Class
members located in New Jersey to the detriment and injury of Class members throughout
the United States, including Plaintiffs.

62.     Plaintiffs and the Class members reasonably relied on the Defendants'
representation that Skinny Girl was an "all natural" product and had no reason to believe
that representation was false.  The Defendants' representation and omission concerned
issues material to the transactions in question.  Plaintiffs and other Class members would
not have purchased Skinny Girl Margarita products, absent Defendants'
misrepresentations, if the true facts had been known.

63.     The foregoing misrepresentations and practices proximately caused
Plaintiffs and the Class members to suffer damages in that they purchased without
knowing that the alleged express and implied benefits of Skinny Girl were false, in
general, and specifically in comparison to alternative, and significantly less expensive,
competing adult beverage products.

64.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs

and the Class have suffered and continue to suffer damages.  Plaintiffs seek

compensatory damages in an amount to be proven at time of trial.


### THIRD CAUSE OF ACTION
**(Breach of Express and Implied Warranty)**
**(Against All Defendants)**

65.     Plaintiffs allege and incorporate by reference each and every allegation

contained above, as if set forth at this point.

66.     Plaintiffs, and each member of the Class, formed a contract with

Defendants at the time Plaintiffs and the Class members purchased Skinny Girl Margarita

products.  The terms of that contract include the promises and affirmations of fact made

by Defendants on their product labels and through their marketing campaign, as described

above.  The product labeling and advertising constitute express and implied warranties,

became part of the basis of the bargain, and are part of a standardized contract between

Plaintiffs and the Class on the one hand, and Defendants on the other.

67.     All conditions precedent to Defendants' liability under these contracts has

been performed by the Plaintiffs and the Class.

68.     Defendants have breached the terms of these contracts, including the

express and implied warranties, with Plaintiffs and the Class by not providing a product

which conformed to its advertised characteristics as described above.

69.     As a result of Defendants' breaches of their contract, Plaintiffs and the

Class have been damaged in the amount of the purchase price of the Product.


### FOURTH CAUSE OF ACTION
**(Unjust Enrichment)**
**(Against All Defendants)**

70.     Plaintiffs allege and incorporate by reference each and every allegation

contained above, as if set forth at this point.

71.     When Defendants made the above-referenced representation about Skinny Girl Margarita products being "all natural," they had no reasonable ground for believing that to be true.

72.     Defendants made the above-referenced representation with the intention of inducing Plaintiffs to act in reliance on these express and implied representations by purchasing Skinny Girl Margarita products.

73.     Defendants had superior knowledge and information regarding the truth about Skinny Girl and Plaintiffs and the Class members did not have access to this information.

74.     Defendants' unlawful conduct was directed to, among others, Class members located in New Jersey to the detriment and injury of Class members throughout the United States, including Plaintiffs.

75.     Plaintiffs and the Class members reasonably relied on the Defendants' representation that Skinny Girl was an "all natural" product and had no reason to believe that representation was false.  The Defendants' representation and omission concerned issues material to the transactions in question.  Plaintiffs and other Class members would not have purchased Skinny Girl Margarita products, absent Defendants' misrepresentations, if the true facts had been known.

76.     The foregoing misrepresentations and practices proximately caused Plaintiffs and the Class members to suffer damages in that they purchased without knowing that the alleged express and implied benefits of Skinny Girl were false, in general, and specifically in comparison to alternative, and significantly less expensive, competing adult beverage products.

77.     As a direct and proximate result of Defendants' wrongful acts, Defendants have received funds that they otherwise would not have received and which it would be unjust for them to retain.  Accordingly, Defendants have been unjustly enriched by their

own wrongful conduct.

78.    Plaintiffs and the Class have suffered and continue to suffer damages as a result of Defendants' wrongful acts, including their unjust enrichment.  Plaintiffs seek an order providing for disgorgement of Defendants' ill-gotten gains as well as compensatory damages in an amount to be proven at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1.    For an order certifying the class;

2.    For damages in an amount to be proven at trial on the First through Fourth Causes of Action;

2.    For declaratory relief finding that Defendants engaged in unfair, unlawful, or fraudulent business acts or practices in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.;

3.    For restitution, including accrued interest;

4.    For a temporary restraining order and a preliminary and permanent injunction enjoining Defendants and their officers, directors, agents, distributors, servants, employees, attorneys, and all others in active concert or participation with Defendants, or any of them, jointly and severally, during the pendency of this action and permanently thereafter from engaging in the scheme described above;

6.    For interest at the maximum rate allowed by law;

7.    For costs of suit;

8.    For attorneys' fees and all litigation expenses pursuant to N.J.S.A. 56:8-19;

9.      For treble damages pursuant to <u>N.J.S.A.</u> 56:8-1, et seq.

     and

11.     For such other and further relief as the Court may deem just and proper.

                                **SKOLOFF & WOLFE, P.C.**

Dated: June 4, 2012          By:  /s/ David B. Wolfe
                                David B. Wolfe
                                Jonathan W. Wolfe
                                Barbara A. Schweiger
                                Evan A. Showell

                                *Attorneys for Plaintiffs*