UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAUREEN STEWART and KELLY LAMICELLA, individuals, on behalf of themselves and all others similarly situated, et al., | : | Civil Action No. 11-5149 (NLH/KMW) |
| | : | |
| Plaintiffs, | : | **OPINION** |
| v. | : | |
| BEAM GLOBAL SPIRITS & WINE, INC., et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Barbara Spillman Schweiger, Esquire
David Benjamin Wolfe, Esquire
Evan Andrew Showell, Esquire
Skoloff & Wolfe, P.C.
293 Eisenhower Parkway
Livingston, New Jersey 07039
      *Attorneys for Plaintiffs*

John B. Kearney, Esquire
Michael Robert Carroll
Ballard, Spahr LLP
210 Lake Drive East
Suite 200
Cherry Hill, New Jersey  08002
      *Attorneys for Defendants Beam Global Spirits & Wine, LLC and
      Jim Beam Brands Co.*

David E. Sellinger, Esquire
Greenberg Traurig LLP
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932
      *and*

Laura D. Castner
Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard
3rd Floor
Santa Monica, California 90401
    *Attorneys for Defendant Bethenny Frankel*

Aaron Van Nostrand, Esquire
David E. Sellinger, Esquire
Greenberg Traurig LLP
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932
    *Attorneys for Defendants Skinny Girl Cocktails, LLC and*
    *SGC Global, LLC*


**HILLMAN, District Judge**

     This matter comes before the Court by way of motion [Doc. No. 10] for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by Defendants Beam Global Spirits and Wine LLC[1] and Jim Beam Brands Co. (hereinafter, "the Beam Defendants") seeking the dismissal with prejudice of Plaintiffs' claim for unjust enrichment as set forth in the second amended class action complaint [Doc. No. 70].[2]  Plaintiffs oppose the Beam Defendants'

_____

     [1] Plaintiffs' original complaint named "Beam Global Spirits and Wine, Inc." as a Defendant in this action.  Plaintiffs' second amended complaint clarifies that "Beam Global Sprits and Wine, Inc." is now known as "Beam Global Spirits and Wine, LLC".  (Second Am. Compl. [Doc. No. 70] ¶ 1(d).)

     [2] The Beam Defendants' motion for judgment on the pleadings was filed on November 18, 2011 in response to the allegations made in Plaintiffs' October 17, 2011 amended class action complaint [Doc. No. 5].  On June 4, 2012, Plaintiffs sought leave to file a second amended class action complaint in this matter for the asserted sole purpose of adding another named Plaintiff, Nicole Bello.  (See Mem. of Law in Supp. of Pls.' Mot. for Leave to Amend the First Am. Compl. [Doc. No. 60-2] 2.)  On June 21,

2

motion.  The Court has considered the parties' submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.  For the reasons expressed below, the Beam Defendants' motion is denied.

## I.   <u>JURISDICTION</u>

The Court exercises jurisdiction over this putative class action pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA").

## II.  <u>BACKGROUND</u>

Plaintiffs Maureen Stewart, Kelly Lamicella, and Nicole Bello bring this putative class action on behalf of themselves

---

2012, while the motion to amend was pending, all parties stipulated to Plaintiffs' filing of the second amended class action complaint attached as Exhibit A to the motion to amend. The second amended class action complaint was filed on June 29, 2012.  Accordingly, the pending motion [Doc. No. 60] for leave to amend will be dismissed as moot.

Having reviewed Plaintiffs' second amended class action complaint and compared it to the amended class action complaint, the Court notes that the allegations of Plaintiffs' unjust enrichment claim are identical in both complaints.  Although the Beam Defendants' present motion seeks dismissal of Plaintiffs' unjust enrichment claim as set forth in the amended class action complaint as opposed the second amended class action complaint, the Court may properly consider the Beam Defendants' motion at this time because the allegations in support of this claim remain unchanged.  Moreover, the Beam Defendants represented to the Court that they are prepared to rest on the current briefing of this motion given the identical allegations between the two complaints.  (Letter from Michael R. Carroll, Esquire dated June 26, 2012 [Doc. No. 68] 1.)

and a nationwide class of consumers consisting of "[a]ll persons
... who purchased Skinny Girl Margarita products from the launch
of the product to" September 6, 2011.[3] (Second Am. Compl. [Doc.
No. 70] ¶ 36.) Plaintiffs essentially alleged that despite being
marketed and sold as "all natural", Defendants' alcoholic
beverage product known as "Skinny Girl Margarita" contains a
chemical preservative. (Id. ¶¶ 2-3.)

According to Plaintiffs, Defendants engaged in an "extensive
media campaign" in several states including, but not limited to,
New Jersey, New York, and Florida, wherein Defendants "expressly
and impliedly" claimed that Skinny Girl Margarita was "all
natural", did not contain any preservatives, was a "healthy
alternative to other commercial Margarita products presently
available", and used only natural ingredients. (Id. ¶¶ 2, 29.)
Plaintiffs contend that these claims by Defendants are false,
deceptive, misleading, and fraudulent because Skinny Girl
Margarita actually contains sodium benzoate, a chemical
preservative, which can become a "potential carcinogen" when
mixed with acids such as citric acid from lime juice used in
margaritas. (Id. ¶¶ 3-4, 7-9, 30.) Furthermore, Plaintiffs
assert that Defendants made these claims "without any reasonable

---

[3] The second amended complaint specifies that the class
includes all persons who purchased these products "from the
launch of the product to the date of Plaintiffs' original
complaint." (Id. ¶ 36.) Plaintiffs' original complaint was
filed on September 6, 2011.

basis for doing so and, in fact, knowing at the time they were made that such claims were in fact false and/or misleading[.]" (Id. ¶ 32.)

Plaintiffs allege that they have been "routinely purchasing" Skinny Girl Margarita for their "own use and enjoyment as well as for entertaining friends" for the past several years.  (Id. ¶¶ 7-9.)  Plaintiffs, who are "generally health conscious and attempt[] to purchase 'all natural' products when available[,]" allegedly purchased Skinny Girl Margarita based on Defendants' representations in magazine advertisements and on the product packaging that Skinny Girl Margarita was an "'all natural' healthier alternative to other commercially-available Margarita beverage products." (Id. ¶¶ 7-9, 32.)  Based on these allegations, Plaintiffs bring claims against all Defendants for violations of the New Jersey Consumer Fraud Act, negligent misrepresentation, breach of express and implied warranty, and unjust enrichment.  (Id. ¶¶ 47-78.)


III. **DISCUSSION**

The Beam Defendants filed an answer to Plaintiffs' amended class action complaint on November 14, 2011.  (See Beam Defs.' Answer [Doc. No. 7].)  The Beam Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and seek the dismissal with prejudice of Plaintiffs' unjust

enrichment claim for failure to state a claim upon which relief
may be granted.  (Mem. of Law in Supp. of Beam Defs.' Mot. for J.
on the Pleadings Dismissing Pls.' Unjust Enrichment Claim [Doc.
No. 10-1] (hereinafter, "Beam Defs.' Mem.") 2.)  Rule 12(c)
provides in pertinent part that "[a]fter the pleadings are closed
... a party may move for judgment on the pleadings."  FED. R. CIV.
P. 12(c).  "A motion for judgment on the pleadings based on the
defense that the plaintiff has failed to state a claim is
analyzed under the same standards that apply to a Rule 12(b)(6)
motion."  Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134
(3d Cir. 2010) (citing Turbe v. Gov't of the V.I., 938 F.2d 427,
428 (3d Cir. 1991)).

     After the Beam Defendants answered Plaintiffs' amended class
action complaint and filed the present motion, Plaintiffs filed a
second amended class action complaint on June 29, 2012.  The Beam
Defendants have represented to the Court that they are prepared
to rest on the briefing of the present motion because the
allegations of the unjust enrichment claim remain unchanged from
the amended complaint to the second amended complaint.  However,
the Court notes that at this time the Beam Defendants cannot move
for judgment on the pleadings under Rule 12(c) because they have
not technically answered Plaintiffs' second amended complaint.
Therefore, the Court will construe the Beam Defendants' motion as
one brought pursuant to Federal Rule of Civil Procedure 12(b)(6),

particularly because the same standard applies for either motion.

In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the

7

plaintiff has a 'plausible claim for relief.'" <u>Fowler</u>, 578 F.3d
at 211 (citing <u>Iqbal</u>, 129 S. Ct. at 1950). "[A] complaint must
do more than allege the plaintiff's entitlement to relief."
<u>Fowler</u>, 578 F.3d at 211; <u>see also</u> <u>Phillips v. County of
Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's
<u>Twombly</u> formulation of the pleading standard can be summed up
thus: 'stating ... a claim requires a complaint with enough
factual matter (taken as true) to suggest' the required element.
This 'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element.") (citing <u>Twombly</u>, 550 U.S. at 556). "The
defendant bears the burden of showing that no claim has been
presented." <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005).

## IV.  <u>**ANALYSIS**</u>

According to the Beam Defendants, Plaintiffs' cause of
action for unjust enrichment "is precluded where, as here,
Plaintiffs claim to have purchased the [Skinny Girl Margarita]
product not from the defendants but from a third-party retailer."
(Beam Defs.' Mem. 2.) Relying on New Jersey law, the Beam
Defendants contend that on a claim for unjust enrichment,
Plaintiffs are required to show that they conferred a benefit
upon the Beam Defendants. (<u>Id.</u> at 3.) Citing several cases from

other courts in this District, the Beam Defendants argue that
"[w]hen purchasers ... buy a product from a third-party retailer
... they have not conferred a benefit upon the manufacturer
sufficient to support a claim for unjust enrichment." (Id. at 3-
4.)  The Beam Defendants contend, therefore, that Plaintiffs'
claim for unjust enrichment fails because Plaintiffs admit in the
second amended complaint that they bought Skinny Girl Margarita
from various liquor stores in New Jersey and not directly from a
manufacturer like the Beam Defendants. (Id. at 3.)  According to
the Beam Defendants then, "[a]t best, Plaintiffs' allegations
would point to a claim against the liquor stores upon which they
allegedly conferred a benefit." (Id. at 4.)

**A.   Choice of Law**

As a threshold matter, the Court notes that the Beam
Defendants do not engage in a choice of law analysis on this
motion and simply argue that New Jersey law governs Plaintiffs'
unjust enrichment claims. (Id. at 3 n.1.)  Plaintiffs apparently
recognize that New Jersey law applies to the unjust enrichment
claims of the named Plaintiffs, but note that this is a proposed
nationwide class which may include class members that are neither
New Jersey residents, nor New Jersey purchasers. (Pls.' Mem. of
Law in Opp'n [Doc. No. 29] 2 n.1.)  Therefore, Plaintiffs ask the
Court to defer consideration of this motion in its entirety until
after class certification in order to conduct a proper choice of

law analysis at that time to determine the law applicable to this claim.  (Id.)  In reply, the Beam Defendants represent that they do "not discuss choice of law principles since it is uncontested that New Jersey law should govern the claims alleged by the Plaintiffs[.]"  (Reply Br. in Supp. of Beam Defs.' Mot. for J. on the Pleadings [Doc. No. 35] (hereinafter, "Beam Defs.' Reply"), 2 n.1.)

     Specifically in reference to the unjust enrichment claims of the named Plaintiffs, it appears to be uncontested that these claims are governed by New Jersey law because these individuals either are residents of New Jersey, purchased Skinny Girl Margarita from retailers in New Jersey, or both.  The Court recognizes, though, that this is a proposed nationwide class action, not yet certified, and that the claims of potential absent class members may be governed by the laws of other states. However, at this stage of the proceedings, the parties have not fully briefed the choice of law issue on any of Plaintiffs' claims, and the Court will not engage in a choice of law analysis here without the benefit of briefing on this issue by the parties.  Accordingly, the Court's ruling on the sufficiency of Plaintiffs' unjust enrichment claims as alleged in the second amended class action complaint will be determined under New Jersey law, but this ruling is limited to the claims of the named Plaintiffs and those of absent class members whose claims would

be governed by New Jersey law.[4]

**B. Unjust Enrichment**

To establish a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. V. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994); see also Callano v. Oakwood Park Homes Corp., 219 A.2d 332, 334 (N.J. 1966).  For an unjust enrichment claim to succeed, there must be a showing that "the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred." Callano, 219 A.2d at 334-35; see also VRG Corp., 641 A.2d at 526.  The New Jersey Supreme Court has previously explained that unjust enrichment is a form of quasi-contractual liability, and that "quasi-contract cases involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit." Callano, 219 A.2d at 335 (emphasis added).

In the present motion, the Beam Defendants cite to approximately twelve decisions by other courts within this District to argue that "[i]t is well-settled under New Jersey

---

[4] To the extent the parties subsequently file dispositive motions in this case, the parties should fully brief any relevant choice of law issues that arise with respect to Plaintiffs' claims.

law, that a plaintiff who purchases a product from a third-party
retailer may not maintain an unjust enrichment claim against the
product manufacturer." (Beam Defs.' Reply 2-3) (citing cases).
If the Court accepts the Beam Defendants' argument on its face,
then Plaintiffs' unjust enrichment claim must be dismissed
because Plaintiffs' clearly allege in the second amended
complaint that they purchased Skinny Girl Margaritas from liquor
stores in New Jersey and not directly from the Beam Defendants.
(See Second Am. Compl. ¶¶ 7-9.)

While this Court may properly consider the opinions of other
courts in this District in deciding the present motion, the Court
is not bound by any of the decisions the Beam Defendants submit
in support of the motion. Seemingly recognizing this fact, the
Beam Defendants request that "this Court simply rule in
accordance with the other dismissals in this District of unjust
enrichment claims in cases, such as here, where the consumer has
not conferred a direct benefit upon the manufacturer." (Beam
Defs.' Reply 5-6.) While the Beam Defendants accurately
represent the holdings of the other cases in this District
addressing this issue and while the weight of that authority is
certainly in their favor, this Court must engage in its own
analysis of the applicable law.

As a federal court sitting in diversity in this case, the
Court must look to New Jersey law to determine whether

Plaintiffs' unjust enrichment claim should be dismissed.  The best source for that law are the decisions of the New Jersey state courts.  Therefore, the Court will review of the relevant New Jersey case law to decide this issue.  Despite the Beam Defendants' contention that it is a "well-settled" principle of New Jersey law that a plaintiff who purchases a product from a third-party retailer may not maintain an unjust enrichment claim against the product manufacturer, the Beam Defendants have not cited a single case from any court within the state of New Jersey which expressly confirms this specific principle of law.  (See generally Beam Defs.' Mem. 1-4; Beam Defs.' Reply 1-6) (citing only cases from the District of New Jersey for this proposition).

Generally, cases from other courts within this District which have precluded a claim for unjust enrichment in a consumer class action context based on the fact that the consumer purchases were made through a third-party retailer and not the product manufacturer, such as Cooper v. Samsung Electronics America, Inc., No. 07-3853, 2008 WL 4513924, at *10 (D.N.J. Sept. 30, 2008) (J. Linares), and Alin v. American Honda Motor Co., No. 08-4825, 2010 WL 1372308, at *14-15 (D.N.J. Mar. 31, 2010) (J. Hayden), focus on language regarding the need for "some direct relationship" between the parties or a mistake on the part of the party conferring the benefit.

The significance of the parties having "some direct

relationship" in the context of a claim for unjust enrichment can only be properly understood upon examination of the specific fact pattern presented in Callano where that concept originated.   In Callano, an individual by the name of Bruce Pendergast entered into a contract with the defendant, a housing developer, for the sale of a lot and a house to be constructed thereon.   Callano, 219 A.2d at 334.   Subsequently, while the house was still under construction by the defendant developer, Pendergast entered into a separate contract with the plaintiffs, owners of a plant nursery, for the delivery and planting of shrubbery at the house. Id.

The plaintiffs performed on the contract they entered with Pendergast, planting the shrubbery at the house, but Pendergast never paid the plaintiffs.   Id.   Shortly thereafter, Pendergast died.   Id.   At that time, the defendant developer and Pendergast's estate cancelled the contract of sale for the lot and the house.   Id.   The defendant developer then sold the Pendergast property, including the newly planted shrubbery thereon, to another couple.   Id.   At the time, however, the defendant developer had no knowledge of Pendergast's failure to pay the plaintiffs on the shrubbery contract.   Id.

Based on these facts, the New Jersey Supreme Court denied recovery to the plaintiffs on a quasi-contract theory, and explained the need for "some direct relationship" between the

14

parties as follows:

> In the instant case the plaintiffs entered into an express contract with Pendergast and looked to him for payment. They had *no dealings with defendant*, and did not expect remuneration from it when they provided the shrubbery. No issue of mistake on the part of plaintiffs is involved. Under the existing circumstances we believe it would be inequitable to hold defendant liable. Plaintiffs' remedy is against Pendergast's estate, since they contracted with and expected payment to be made by Pendergast when the benefit was conferred.

Id. at 335.  Accordingly, the New Jersey Supreme Court held that the defendant developer "was not unjustly enriched and [was] not liable for the value of the shrubbery."  Id.  In rejecting the plaintiffs' claim for unjust enrichment, the New Jersey Supreme Court also distinguished Callano from another case by explaining that recovery was permitted in the other case "because of a fraud perpetrated by the defendants."  Id.  In the absence of any contention of fraud on the part of the defendant developer in Callano, the Supreme Court declined to permit recovery.  Id.

This Court's review of Callano suggests that the plaintiffs could not recovery from the defendant developer there on a claim for unjust enrichment without the existence of "some direct relationship" because the defendant developer was essentially an innocent third-party.  The defendant developer had no contact or course of dealings with the plaintiffs, was unaware of the contract between the plaintiffs and Pendergast, and did not engage in any fraud or conduct which otherwise justified recovery

15

against it.  The Supreme Court also explained that recovery on a
claim for unjust enrichment "was developed under the law to
provide a remedy where none existed."  Id.  Recognizing that the
Callano plaintiffs could pursue a remedy against Pendergast's
estate, the Supreme Court did not impose liability on the
defendant developer.  Id.

     This notion — that the existence of "some direct
relationship" between the parties is meant to protect innocent
third-parties from liability where they did not unjustly retain a
benefit conferred upon them by the plaintiff — was similarly
recognized in VRG Corp. v. GKN Realty Corp.  In VRG Corp., the
plaintiff was a real estate broker which specialized in obtaining
long term tenants for commercial properties.  641 A.2d at 520-21.
The plaintiff real estate broker entered into an exclusive
agreement with a corporation known as Golden Reef, the owner and
developer of the commercial shopping center, which entitled the
plaintiff real estate broker to a six percent (6%) commission of
each monthly rental payment received from tenants the real estate
broker procured for the shopping center.  Id. at 521.
Subsequently, Golden Reef entered into a separate contract for
the sale of the shopping center to GKN Realty Corporation.  Id.
Under the plaintiff real estate broker's contract with Golden
Reef, the real estate broker was still entitled to monthly rental
commissions.  Id.  When the shopping center was sold to GKN

16

Realty, Golden Reef failed to tender the payoff amount for the commissions due to the plaintiff real estate broker.  Id. at 521-522.  As a result, the plaintiff real estate broker brought suit against both Golden Reef and GKN Realty and sought the remedy of an equitable-lien on the monthly rental income of the shopping center owned at that time by GKN Realty, not Golden Reef.  Id. at 526.

On appeal, the New Jersey Supreme Court concluded that there was no basis for the imposition of an equitable lien on the rental incomes on the grounds of unjust enrichment.  Id. Reviewing the facts of the case, the Supreme Court recognized that it was Golden Reef which was unjustly enriched under the circumstances because it was able to sell the shopping center to GKN Realty for $9.8 million which represented the center's fair market value taking into account the fact that the property was rented and generating rental income.  Id.  According to the Supreme Court, any leasing commissions due to the plaintiff real estate broker as a result of the agreement between plaintiff and Golden Reef were still due to be paid by Golden Reef.  Id.

Therefore, the Supreme Court determined that while the plaintiff real estate broker might be entitled to an equitable lien on the proceeds of the sale of the shopping center (i.e., the property of Golden Reef), the plaintiff improperly sought an equitable lien on the monthly rental income itself (i.e., the

17

property of GKN Realty).  Id.   The Supreme Court further
explained that unjust enrichment could not serve as a basis to
impose an equitable lien on the rental incomes because "GKN, in
paying fair market value for the shopping center, did not receive
an unexpected benefit or undeserved windfall [simply] because
Golden Reef later broke its promise to pay [the real estate
broker's] commissions."  Id.   The Court further noted that
"[t]here simply [was] no evidence in the record to demonstrate
that GKN was unjustly enriched at the expense of [the real estate
broker] and that its property should now be subjected to a lien
to enforce an obligation owed by Golden Reef."  Id. at 526-27.
The Supreme Court therefore would not impose liability on GKN
Realty where they did not unjustly retain a benefit from the
plaintiff and where plaintiff could seek a remedy against Golden
Reef regarding the profits of the sale.

    A careful reading of the New Jersey Supreme Court's
reasoning given the facts in Callano and VRG Corp. guides this
Court's interpretation of New Jersey law and the notion that
"some direct relationship" exist between parties on an unjust
enrichment claim.   The facts in Callano and VRG Corp. demonstrate
to this Court that the "some direct relationship" element of an
unjust enrichment claim does not standing alone preclude a
consumer from ever bringing an unjust enrichment claim against a
manufacturer simply because the consumer purchased the product at

issue from a third-party retailer and not directly from the
manufacturer.  The Court rejects that such a bright light rule is
supported by New Jersey law despite the Beam Defendants argument
to the contrary.[5]

In the Court's view, the recognition that "some direct
relationship" should exist between the parties to an unjust
enrichment claim simply reflects the need to curtail the reach of
this equitable remedy – a so called "legal fiction" – to prevent
a finding of liability in cases where the defendant had
absolutely no course of dealings with, and no other demonstrated
connection to, the plaintiff.  The notion that "some direct
relationship" exist between the parities is simply meant to
preclude a plaintiff from seeking recovery from a defendant whose
involvement is too far removed or too attenuated from the facts
and circumstances giving rise to the plaintiff's claims.

The Court finds that Callano and VRG Corp. are factually
distinguishable from the present case because they involved
defendants who were innocent third parties (the housing developer
and the subsequent shopping center owner) who did not unjustly

---

[5]In rejecting this bright line rule, the Court notes that
while Judge Hayden ultimately dismissed the plaintiff's unjust
enrichment claim in Alin, that dismissal was based, in part, on
the insufficient allegations of the plaintiff's complaint.
However, Judge Hayden similarly rejected application of a bright
line rule and aptly explained that "[i]n New Jersey, a benefit
conferred upon a retailer not sharing in profits with the product
manufacturer does not result in the manufacturer's unjust
enrichment."  2010 WL 1372308, at *15.

retain a benefit, did not engage in allegedly fraudulent conduct, and had little to no dealings with the plaintiffs who sought relief against them.  Moreover, in both cases, the plaintiffs had available a remedy against another party with whom the plaintiffs had independent contracts and whose conduct resulted in plaintiffs' losses.  Here, the Beam Defendants are alleged to be something other than innocent third-parties.  Plaintiffs allege that the Beam Defendants engaged in fraudulent conduct and misrepresented the "all-natural" nature of Skinny Girl Margarita through a direct nationwide advertising and marketing scheme which included the use of product packaging, taxi cab signboards, billboards, the Internet, and print publications specifically designed to entice consumers to buy Skinny Girl Margarita.  It does not strain credulity to suggest that some of these marketing strategies may have been employed at the retail level and coordinated with the retailers themselves.

This Court is of the view that it would be inequitable to suggest that the Beam Defendants can insulate themselves from liability on an unjust enrichment claim simply by asserting that retail sales by liquor stores cut off any relationship between the consumers and the manufacturer.  This is particularly true in this case where Plaintiffs cannot seek a remedy directly from the liquor stores based on misrepresentations allegedly made by the Beam Defendants themselves as to the "all-natural" nature of

Skinny Girl Margarita.  Accordingly, this Court finds that where a plaintiff alleges that a defendant manufacturer has made false claims or misrepresentations directed for the purpose of generating retail sales, and where those retails sales could have the effect of increasing the amount of wholesale sales to the manufacturer, it is plausible that a plaintiff can show evidence of a sufficiently direct relationship between the parties under New Jersey law.[6]

In so finding, the Court agrees with the distinction outlined by the Honorable Stephen T. Brown, U.S.M.J., in the South District of Florida in Romano v. Motorola, Inc., No. 07-CIV-60517, 2007 WL 4199781, at *2 (Nov. 26, 2007).  In Romano, Judge Brown similarly denied the defendant manufacturer's motion to dismiss a count for unjust enrichment in a proposed consumer class action where plaintiffs had purchased certain cellular telephones.  Interpreting a requirement under Florida law that a claim for unjust enrichment can only lie where the plaintiff

---

[6]The Court notes that in Lee v. Carter-Reed Co., 4 A.3d 561, (N.J. 2010), a consumer class action with remarkably similar facts to the present case, it appears that a consumer's unjust enrichment claim was not dismissed at any point in the proceedings for failing to state a claim and survived to the class certification stage.  In Lee, the plaintiff consumers specifically alleged that they purchased the product at issue through retailers like CVS based on false representations the manufacturer made about the product and its benefits.  Although the Court recognizes that Lee does not specifically hold that an unjust enrichment claim can proceed even where the consumer purchased the product through a retailer and not the manufacturer, it certainly indicates that New Jersey law does not apply a bright line rule to prohibit such claims.

alleges that he conferred a direct benefit on the defendant, Judge Brown explained that the defendant manufacturer "erroneously equate[d] direct contact with direct benefit" by arguing that consumers purchases of cell phones through retailers, as opposed to the manufacturer, did not confer a direct benefit on the manufacturer.  Id.  Judge Brown concluded that although the phones were "ultimately sold through the retailer, Motorola ... directly benefitted through profits earned from the sale of the phone" particularly in light of the manufacturer efforts to market the phone directly to consumers. Id.  Accordingly, Judge Brown denied the defendant manufacturer's motion to dismiss the unjust enrichment claim finding that "while there was no direct contact between the manufacturer Motorola and Plaintiff, by purchasing the ... phone, Plaintiff directly conferred a benefit on Motorola in the form of payment for the phone."  Id.

Other federal courts have reached similar conclusions.  See, e.g., Williams v. Wells Fargo Bank N.A., No. 11-21233, 2011 WL 4368980, at * (S.D. Fla. Sept. 19, 2011) (refusing to dismiss plaintiffs' unjust enrichment claim where allegations of the complaint were sufficient to show a direct benefit was conferred on defendants and recognizing that "just because the benefit conferred by Plaintiffs on Defendants did not pass directly from Plaintiffs to Defendants—but instead passed through a third

party—does not preclude an unjust-enrichment claim ... to hold
otherwise would be to undermine the equitable purpose of unjust
enrichment claims."); In re TFT-LCD (Flat Panel) Antitrust
Litigation, No. M 07-1827, 2011 WL 4345446, at *4 (N.D. Cal.
Sept. 15, 2011) (denying defendants' summary judgment motion on
plaintiff's unjust enrichment claims and agreeing "with
plaintiffs that defendants need not have received the benefit
directly from [the plaintiff]. Rather, [the plaintiff] must only
show that defendants received a benefit and it came at his
expense."); Sheet Metal Workers Local 441 Health & Welfare Plan
v. GlaxoSmithKline, PLC, 737 F. Supp. 2d 380, 444 (E.D. Pa. 2010)
(denying product manufacturer's motion to dismiss claim for
unjust enrichment because "[t]he relationship between plaintiffs
and GSK is not so remote that plaintiffs' unjust enrichment claim
should be dismissed outright. ... the plaintiffs' purchase of
Wellbutrin SR was a benefit conferred on GSK even though
plaintiffs did not purchase the drug directly from GSK" where
plaintiffs alleged "that monies they paid for Wellbutrin SR ...
end[ed] up in the hands of GSK.").

In applying the Rule 12(b)(6) standard to allegations of
Plaintiffs' second amended complaint, the Court finds that
Plaintiffs have alleged sufficient facts to make out a plausible
claim for relief for unjust enrichment because the complaint
clearly asserts that the Beam Defendants "received funds that

they otherwise would not have received and which it would be unjust for them to retain" as a result of their allegedly fraudulent conduct and purported misrepresentations.  (Second Am. Compl. ¶ 77.)  Plaintiffs specifically alleged that "Plaintiffs and other Class members would not have purchased Skinny Girl Margarita products, absent Defendants' misrepresentations, if the true facts had been known."  (Second Am. Compl. ¶ 75.)  Accepting Plaintiffs' allegations as true that they would not have purchased Skinny Girl Margarita from the liquor store retailers involved if not for the Beam Defendants' alleged misrepresentations and that these purchases therefore resulted in Defendants receiving funds they would not have otherwise received through the wholesale distribution of their products, Plaintiffs' second amended complaint sufficiently alleges a plausible claim for relief.[7]

---

[7]Allowing Plaintiffs' unjust enrichment claim to go forward at this early stage of the litigation should by no means be construed as a ruling by this Court that Plaintiffs will be able to sustain this claim at a later stage of the proceedings.  What facts Plaintiffs develop through discovery and how those facts will be viewed in light of the legal standards of an unjust enrichment claim under New Jersey law remain to be seen.  This Court holds only and narrowly that Plaintiffs have alleged sufficient facts for this claim to proceed past the pleading stage.  Rule 12(b)(6) does not impose a "probability" standard at this point in the proceedings, bur rather a "plausibility" standard.  This Court finds merely that under New Jersey law, Plaintiffs' claim for unjust enrichment is plausible as alleged in the second amended complaint.

**V.**   **<u>CONCLUSION</u>**

For the reasons set forth herein, the Beam Defendants' motion [Doc. No. 10] is denied.  An Order consistent with this Opinion will be entered.

Date: <u>June 29, 2012</u>                    <u>    /s/ Noel L. Hillman    </u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

25