UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, and NICOLE BELLO, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC., a corporation; JIM BEAM BRANDS CO., a corporation; SGC GLOBAL L.L.C., a limited liability company, SKINNY GIRL COCKTAILS, L.L.C., a limited liability company, BETHENNY FRANKEL, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  1:11-cv-05149 (NLH) (KMW) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT BETHENNY
<u>FRANKEL TO THE SECOND AMENDED COMPLAINT</u>**

Defendant Bethenny Frankel ("Frankel"), on behalf of herself only, hereby files her

Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint").

<u>**GENERAL ANSWER**</u>

Frankel states that she responds to these allegations only on behalf of herself and not on

behalf of any other entity or person.  All allegations are denied unless specifically admitted, and

any factual averment is admitted only as to the specific facts and not as to any conclusions,

characterizations, implications or speculations contained in the averment or in the Complaint as a

whole.

The Complaint contains numerous quotations and references that purport to be excerpts from various identified and unidentified sources and documents, many of which have not been provided by the Plaintiffs. Accordingly, Frankel is unable to challenge the accuracy, veracity, or source(s) of these quotations or references. To the extent that Frankel states that a document or other material referenced in the Complaint speaks for itself, or refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true, or that Plaintiffs' characterization of such documents or other material is accurate. Frankel reserves her right to challenge the accuracy of the quotations and references and to raise any objections as to the documents purportedly quoted or referenced. Frankel does not admit the authenticity of any documents from which alleged quotations were taken or references were made, and reserves the right to challenge the authenticity of all documents quoted or referenced in the Complaint.

**SPECIFIC ANSWER**

**ALLEGATIONS PURSUANT TO LOCAL CIVIL RULE 10.1**

1.      Frankel lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint, except admits upon information and belief that Beam Global Spirits & Wine, LLC, formerly known as Beam Global Spirits & Wine, Inc., and Jim Beam Brands Co. are corporations with their headquarters and principal places of business at 510 Lake Cook Road, Deerfield, Illinois 60015; admits that SGC Global LLC, formerly known as Skinny Girl Cocktails LLC, is a Delaware limited liability company with its principal place of business located in New York, New York, the members of which are Marc Taub, David Taub, SGC Kanbar LLC, and BB Endeavors LLC, ; admits that BB Endeavors LLC is a New York limited liability company with its principal place of business in the State of New York and that

she is the only member of BB Endeavors LLC; and admits that she is an individual residing in, and a citizen of, New York, New York.  Except as specifically admitted, Frankel denies the allegations of paragraph 1 of the Amended Complaint.

2.      Frankel admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or manageable as a class action; admits that Skinnygirl Margaritas are and have been marketed, distributed and sold; and admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws.  Except as specifically admitted, Frankel denies the allegations of paragraph 2 of the Complaint.

3.      Frankel denies each and every allegation of paragraph 3 of the Complaint.

4.      Frankel lacks knowledge and information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint, and therefore denies same.

5.      Frankel admits that the words quoted in paragraph 5 of the Complaint have been attributed to her, but denies the characterization of those words by Plaintiffs.  Except as specifically admitted, Frankel denies the allegations of paragraph 5 of the Complaint.

6.      Frankel admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or manageable as a class action.  Except as specifically admitted, Frankel denies the allegations of paragraph 6 of the Complaint.

<u>**PARTIES**</u>

7.      Frankel lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.  Except as specifically admitted, Frankel denies the allegations of paragraph 7 of the Complaint.

8.      Frankel lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.  Except as specifically admitted, Frankel denies the allegations of paragraph 8 of the Complaint.

9.      Frankel lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.  Except as specifically admitted, Frankel denies the allegations of paragraph 9 of the Complaint.

10.     Frankel admits upon information and belief that Beam Global Spirits & Wine, LLC was formerly known as Beam Global Spirits & Wine, Inc. ("Beam Global"), is a corporation with its headquarters and principal place of business located at 510 Lake Cook Road, Deerfield, Illinois, and is a citizen of the State of Illinois and the State of Delaware.  Except as specifically admitted, Frankel denies the allegations of paragraph 10 of the Complaint.

11.     Frankel admits upon information and belief that Jim Beam Brands Co. ("Jim Beam") is a corporation with its headquarters and principal place of business located at 510 Lake Cook Road, Deerfield, Illinois, and is a citizen of the State of Illinois and the State of Delaware.

12.     Frankel admits that SGC Global LLC, formerly known as Skinny Girl Cocktails LLC, is a Delaware limited liability company with its principal place of business located in New York, New York, that its members are Marc Taub, David Taub, SGC Kanbar LLC, and BB Endeavors LLC, which is a New York limited liability company with its principal place of business in the State of New York. of which she is the only member.  Frankel lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 12 of the Complaint, and therefore denies same.

13.     Frankel admits that Skinny Girl Cocktails LLC was the name of a limited liability company with its principal place of business located in New York, New York.  The remaining allegations of paragraph 13 of the Complaint contain legal conclusions as to which no answer is

required; to the extent an answer is required, Frankel denies each and every such allegation contained therein.

14.     Frankel denies each and every allegation contained in paragraph 14 of the Complaint, except admits that she is a citizen of the State of New York, a natural foods chef, television personality, entrepreneur, and the author of several books, and that the quoted words in paragraph 12 of the Complaint have been attributed to her, but denies Plaintiffs' characterization of those words.

15.     Frankel lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint, and therefore denies same.

16.     Frankel lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore denies same.

17.     Frankel denies each and every allegation contained in paragraph 17 of the Complaint.

## JURISDICTION AND VENUE

18.     Paragraph 18 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Frankel denies each and every allegation contained therein, except admits that Frankel is not a citizen or resident of the State of New Jersey or the State of Pennsylvania, and admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or manageable as a class action.

19.     Paragraph 19 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Frankel denies each and every allegation contained therein.

20.     Paragraph 20 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Frankel denies each and every allegation contained therein.

21.     Paragraph 21 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Frankel denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

22.     Frankel repeats and realleges her responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     Frankel denies each and every allegation contained in paragraph 23 of the Complaint, except admits that she is a natural foods chef, television personality, entrepreneur, the author of several books, and the creator of the original Skinnygirl Margarita recipe, and that the Skinnygirl Margarita is a lower-calorie version of a traditional margarita.

24.     Frankel denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Skinnygirl Margarita was launched in the market in 2009, through Skinny Girl Cocktails LLC.

25.     Frankel denies each and every allegation contained in paragraph 25 of the Complaint, except admits that quoted words in paragraph 25 have been attributed to her, but denies the characterization of such words.

26.     Frankel denies each and every allegation contained in paragraph 26 of the Complaint, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.

27.     Frankel denies each and every allegation contained in paragraph 27 of the Complaint, except admits that it was reported that Whole Foods Market, Inc. withdrew

Skinnygirl Margarita from its shelves, and admits that certain of the quoted words contained in paragraph 27 have been attributed to her, but denies the characterization of those words.

28.     Frankel denies each and every allegation contained in paragraph 28 of the Complaint, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.

29.     Frankel denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws, and admits that the Skinnygirl Margarita is a lower-calorie version of a traditional margarita.

30.     Frankel lacks information sufficient to admit or deny the allegations contained in paragraph 30 of the Complaint, and therefore denies same, except admits that Skinnygirl Margaritas are marketed, distributed and sold, consistent with U.S. federal regulations and laws.

31.     Frankel denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws, and admits that the Skinnygirl Margarita is a lower-calorie version of a traditional margarita.

32.     Frankel denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Frankel denies each and every allegation contained in paragraph 33 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws.

## CLASS ALLEGATIONS

34.     Frankel repeats and realleges her responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.     Frankel denies each and every allegation contained in Paragraph 35 of the Complaint.

36.     Frankel admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or is manageable as a class action.

37.     Frankel denies each and every allegation contained in Paragraph 37 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or is manageable as a class action.

38.     Frankel denies each and every allegation contained in Paragraph 38 of the Complaint.

39.     Frankel denies each and every allegation contained in Paragraph 39 of the Complaint.

40.     Frankel denies each and every allegation contained in Paragraph 40 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or is manageable as a class action.

41.     Frankel lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 41 of the Complaint, and therefore denies same.

42.     Frankel denies each and every allegation contained in Paragraph 42 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or is manageable as a class action.

43.     Frankel denies each and every allegation contained in Paragraph 43 of the Complaint.

44.     Frankel denies each and every allegation contained in Paragraph 44 of the Complaint.

45.     Frankel denies each and every allegation contained in Paragraph 45 of the Complaint.

46.     Frankel denies each and every allegation contained in Paragraph 46 of the Complaint.

## FIRST CAUSE OF ACTION

47.     Frankel repeats and realleges her responses to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     Paragraph 48 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Frankel alleges that the statute cited by Plaintiffs speaks for itself.

49.     Paragraph 49 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Frankel alleges that the statute cited by Plaintiffs speaks for itself.

50.     Frankel denies each and every allegation contained in Paragraph 50 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws.

51.     Frankel denies each and every allegation contained in Paragraph 51 of the Complaint.

52.     Frankel denies each and every allegation contained in Paragraph 52 of the Complaint.

53.     Frankel denies each and every allegation contained in Paragraph 53 of the Complaint.

54.     Frankel denies each and every allegation contained in Paragraph 54 of the Complaint.

55.     Frankel denies each and every allegation contained in Paragraph 55 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or is manageable as a class action.

56.     Frankel denies each and every allegation contained in Paragraph 56 of the Complaint.

## SECOND CAUSE OF ACTION

57.     Frankel repeats and realleges her responses to Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58.     Frankel denies each and every allegation contained in Paragraph 58 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws.

59.     Frankel denies each and every allegation contained in Paragraph 59 of the Complaint.

60.     Frankel denies each and every allegation contained in Paragraph 60 of the Complaint.

61.     Frankel denies each and every allegation contained in Paragraph 61 of the Complaint.

62.     Frankel denies each and every allegation contained in Paragraph 62 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws.

63.     Frankel denies each and every allegation contained in Paragraph 63 of the Complaint.

64.     Frankel denies each and every allegation contained in Paragraph 64 of the Complaint.

**THIRD CAUSE OF ACTION**

65.     Frankel repeats and realleges her responses to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     Frankel denies each and every allegation contained in Paragraph 66 of the Complaint.

67.     Frankel denies each and every allegation contained in Paragraph 67 of the Complaint.

68.     Frankel denies each and every allegation contained in Paragraph 68 of the Complaint.

69.     Frankel denies each and every allegation contained in Paragraph 69 of the Complaint.

**FOURTH CAUSE OF ACTION**

70.     Frankel repeats and realleges her responses to Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.     Frankel denies each and every allegation contained in Paragraph 71 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws.

72.     Frankel denies each and every allegation contained in Paragraph 72 of the Complaint.

73.     Frankel denies each and every allegation contained in Paragraph 73 of the Complaint.

74.     Frankel denies each and every allegation contained in Paragraph 74 of the Complaint.

75.     Frankel denies each and every allegation contained in Paragraph 75 of the Complaint, except admits that the Skinnygirl Margarita is made with natural ingredients and its label and advertising are consistent with U.S. federal regulations and laws.

76.     Frankel denies each and every allegation contained in Paragraph 76 of the Complaint.

77.     Frankel denies each and every allegation contained in Paragraph 77 of the Complaint.

78.     Frankel denies each and every allegation contained in Paragraph 78 of the Complaint, except admits that Plaintiffs purport to seek various remedies, as set forth in the Complaint.

## ANSWER TO PRAYER FOR RELIEF

AS TO PLAINTIFFS' PRAYER FOR RELIEF, Frankel denies that Plaintiffs are entitled to any of the relief sought under any of the claims asserted in the Complaint, or at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims alleged in the Complaint may not be properly certified or maintained as a class action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. §205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims should be denied under the equitable doctrine of abstention, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the New Jersey Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Frankel (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiffs or the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and/or misleading advertising upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members may not recover under a theory of unjust enrichment because Plaintiffs and the putative class members have failed to allege any cognizable "enrichment" of Frankel.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the Skinnygirl Margarita product (including any packaging or labeling of the product) is, and always has been, in compliance with applicable governmental regulations at the time such product was manufactured, packaged, labeled and sold.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiffs and the putative class members complain comported with the  prevailing business practices and standards of the industry at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiffs and the putative class members, if any, were open and obvious, because Plaintiffs and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, as to Frankel because Frankel did not owe a legal duty to Plaintiffs and the putative class members or, if Frankel owed a legal duty to Plaintiffs and the putative class members, Frankel did not breach that duty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members lack privity with Frankel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor the putative class members suffered any actionable injury or because such injury was not proximately caused by Frankel.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and the putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces or things over which Frankel has no control and for which Frankel is not legally responsible.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members are not entitled to relief jointly and severally and Frankel is not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiffs and the putative class members.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Frankel, if performed at  all, were done in good faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor any other member of the putative class members has suffered actual harm, injury in fact, or lost money or property as a result of a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, or under any other cause of action in this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Frankel, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or the putative class members are entitled to any relief, Frankel is entitled to an offset or setoff of such relief for the value of the benefits that Plaintiffs and the putative class members received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims violate the due process clause of the United States Constitution and the correlative provisions of the New Jersey Constitution and the constitutions of the other forty-nine states to the extent that they seek to deprive Frankel of procedural and substantive safeguards, including traditional defenses to liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by failure to mitigate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Frankel invokes each and every statutory and common law defense available to her under the laws of each of the other forty-nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred, in whole or in part, for failure to give timely and proper notice of any claimed defect or breach of warranty with respect to the subject product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' warranty-based claims are barred, in whole or in part, by their lack of reliance on such warranties.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The subject product and/or critical evidence related thereto was destroyed, altered, concealed and/or spoliated by parties other than Frankel.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Frankel adopts and incorporates by reference, as if fully set forth herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Frankel.

**RESERVATION OF DEFENSES**

Frankel hereby gives notice that she intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserves her right to amend her Answer to assert any such defense.  Frankel also reserves her right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than New Jersey.  Frankel intends to require Plaintiffs and the putative class members to carry their burden of proof on every element of their claims. Frankel therefore reserves the right to assert by motion or at trial denials as to Plaintiffs' and putative class members' ability to prove the required elements of their claims.  In the event that any affirmative defense asserted by Frankel is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Frankel on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Frankel prays that this Amended Complaint be dismissed with prejudice; that judgment be rendered in favor of

Frankel; that Frankel recover her attorneys' fees and expenses; and that Frankel have such other

and further relief as this Court deems just and proper.


DATED: July 11, 2012                          **KINSELLA WEITZMAN ISER**
                                              **KUMP & ALDISERT LLP**


                              By:      /s/ Laura D. Castner
                                       _____
                                       Laura D. Castner
                                       Howard Weitzman  (*pro hac vice* admission
                                       pending)
                                       808 Wilshire Boulevard, 3rd Floor
                                       Santa Monica, CA 90401
                                       (310) 566-9800 (Phone)
                                       (310) 566-9850 (Fax)

                                       **GREENBERG TRAURIG LLP**
                                       David E. Sellinger
                                       Aaron Van Nostrand
                                       200 Park Avenue
                                       P.O. Box 677
                                       Florham Park, NJ 07932-0677
                                       (973) 360-7900 (Phone)
                                       (973) 301-8410 (Fax)

                                       *Attorneys for Defendant*
                                       *Bethenny Frankel*