UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, and NICOLE BELLO, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive, <br><br> Plaintiffs, <br><br> -against- <br><br> BEAM GLOBAL SPIRITS & WINE, INC., a corporation; JIM BEAM BRANDS CO., a corporation; SGC GLOBAL L.L.C., a limited liability company; SKINNY GIRL COCKTAILS, L.L.C., a limited liability company; BETHENNY FRANKEL, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 1:11-cv-05149 (NLH) (KMW) |

## **DISCOVERY CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:

   (a) that contains private or confidential personal information, or

   (b) that contains information received in confidence from third parties, or

   (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

Any party to this litigation or any third party covered by this Order, who produces or discloses

any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend:

"CONFIDENTIAL" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN *STEWART V. BEAM GLOBAL SPIRITS & WINE, INC.,* DOCKET NO. 1:11-CV-05149 (D. N.J.)" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Highly Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:

(a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or

(b) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

Any party to this litigation or any third party covered by this Order, who produces or discloses any Highly Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend:

"HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN *STEWART V. BEAM GLOBAL SPIRITS & WINE, INC.,* DOCKET NO. 1:11-CV-05149 (D. N.J.)" (hereinafter "Highly Confidential").

3. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material,

including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend:

"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY: ACCESS RESTRICTED BY COURT ORDER IN *STEWART V. BEAM GLOBAL SPIRITS & WINE, INC.*, DOCKET NO. 1:11-CV-05149 (D. N.J.)" (hereinafter "Attorneys' Eyes Only").

4. All Confidential, Highly Confidential, and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and Confidential material shall not be disclosed by the receiving party to anyone other than those set forth in **Paragraph 5** and Highly Confidential shall not be disclosed by the receiving party to anyone other than those set forth in **Paragraph 6**, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Highly Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential or Highly Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing so designated if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6. Highly Confidential material and the contents of Highly Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided (i) they have signed a non-disclosure agreement in the form attached hereto as Exhibit A, and (ii) they are not an officer, director, employee, contractor, or agent of an entity that is engaged in the business of distillation, formulation, production, manufacture, supply or marketing of beverage alcohol products, or of ingredients used in beverage alcohol products. If the nonproducing party believes that this restriction prejudices the nonproducing party with respect to a particular outside expert or consultant, the parties agree that the nonproducing party shall contact counsel for the producing party with the name, affiliation, current curriculum vitae, and area of expertise of that outside expert or consultant to whom the nonproducing party would like to disclose the Highly Confidential material. If after reviewing these materials, the producing party still objects to the disclosure, the producing party shall file a motion for protective order no later than fourteen (14) days after they received these materials and the nonproducing party shall not disclose the Highly Confidential material to the outside expert or consultant unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. Within thirty (30) days of receiving the name, affiliation, current curriculum vitae, and area of expertise of the nonproducing party's proposed expert or experts disclosed as a result of this paragraph, the producing party must disclose the name, affiliation, and current curriculum vitae of expert or experts, if

any, that it has retained in that same area of expertise. This paragraph does not limit a party from designating any additional experts at anytime in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, or applicable Orders of this Court.

(c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Any deponent may be shown or examined on any information, document or thing so designated if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g)     The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

7.     Confidential material shall be used only by individuals permitted access to it under **Paragraph 5**. Highly Confidential material shall be used only by individuals permitted access to it under **Paragraph 6**. Confidential and Highly Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.     With respect to any depositions that involve a disclosure of Confidential, Highly Confidential, or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Highly Confidential,

which period may be extended by agreement of the parties. No Confidential deposition transcript shall be disclosed to any individual other than the individuals described in **Paragraph 5(a), (b), (c), (d) and (f)** above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in **Paragraph 5(a), (b), (c), (d) and (f)** above during said thirty (30) days. No Highly Confidential deposition transcript shall be disclosed to any individual other than the individuals described in **Paragraph 6(a), (b), (c), (d) and (f)** above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in **Paragraph 6(a), (b), (c), (d) and (f)** above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, Highly Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with **Paragraphs 4, 5 and 6**.

9. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

10. If counsel for a party receiving documents or information designated as Confidential, Highly Confidential, or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Highly Confidential, or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the

designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)   To the extent that Counsel for the objecting party thinks a document designated as Highly Confidential can be produced as Confidential by redacting those aspects that are Highly Confidential, Counsel for the objecting party shall serve on the designating party or third party a proposed redacted version of the document (the "Redacted Document"). Counsel for the designating party or third party shall either agree to produce a redacted version of the document designated as Confidential or respond in writing to the Redacted Document within 14 days, and shall state the grounds for asserting that document cannot be produced as Confidential in the proposed redacted form. If the designating party or third party makes a timely response to such Redacted Document, counsel shall then confer in good faith in an effort to resolve the dispute.

(c)   If a dispute as to a Confidential, Highly Confidential, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. Any such formal motion shall be filed and made returnable as promptly as possible. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11.   All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

12.   If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential, Highly Confidential, or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

13.   To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential, Highly Confidential, or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such

inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Highly Confidential, or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential, Highly Confidential, or Attorneys' Eyes Only under this Discovery Confidentiality Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential, Highly Confidential, or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

16. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the

Court for modification or for relief from any of its terms.

17. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential, Highly Confidential, or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential, Highly Confidential, or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential, Highly Confidential, or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential, Highly Confidential, or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

19. And good cause having been shown in the Attorney Certification in Support of Joint Application for Entry of Discovery Confidentiality Order of Michael R. Carroll, dated August 16, 2012.

**IT IS SO ORDERED.**

_August 21, 2012_
DATED

_/s/ Karen M. Williams_
KAREN M. WILLIAMS, U.S.M.J.

CONSENTED AND AGREED TO BY:

| **SKOLOFF & WOLFE, P.C.**<br><br>/s/ David B. Wolfe<br>David B. Wolfe, Esq.<br>Evan A. Showell, Esq.<br>Barbara A. Schweiger, Esq.<br>293 Eisenhower Parkway<br>Livingston, New Jersey 07093<br>(973) 992-0900<br><br>*Attorneys for Plaintiffs* | **BALLARD SPAHR LLP**<br><br>/s/ Michael R. Carroll<br>John B. Kearney, Esq.<br>Michael R. Carroll, Esq.<br>210 Lake Drive East, Suite 200<br>Cherry Hill, New Jersey 08802<br>(856) 761-3400<br><br>**CHADBOURNE & PARKE LLP**<br>Donald I Strauber, Esq.<br>Mary T. Yelenick, Esq.<br>Garrett S. Kamen, Esq.<br>30 Rockefeller Plaza<br>New York, New York 10112<br><br>*Attorneys for Defendants Beam Global Spirits & Wine LLC and Jim Beam Brands Co.* |
|---|---|
| **GREENBERG TRAURIG, LLP**<br><br>/s/ David E. Sellinger<br>David E. Sellinger, Esq.<br>200 Park Avenue<br>P.O. Box 677<br>Florham Park, New Jersey 07932-0677<br>(973) 360-7900<br><br>*Attorneys for Defendants SGC Global LLC and Skinny Girl Cocktails, LLC* | **KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**<br><br>/s/ Laura D. Castner<br>Laura D. Castner, Esq.<br>Howard Weitzman, Esq. (*pro hac vice* admission pending)<br>808 Wilshire Boulevard, 3rd Floor<br>Santa Monica, CA 90401<br>(310) 566-9800 (Phone)<br><br>**GREENBERG TRAURIG LLP**<br>David E. Sellinger, Esq.<br>Aaron Van Nostrand, Esq.<br>200 Park Avenue<br>P.O. Box 677<br>Florham Park, NJ 07932-0677<br>(973) 360-7900<br><br>*Attorneys for Defendant Bethenny Frankel* |

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN STEWART, an individual, and KELLY LAMICELLA, an individual, and NICOLE BELLO, an individual, on behalf of themselves and all others similarly situated, and ROES 1 through 100, inclusive,<br><br>                              Plaintiffs,<br><br>        -against-<br><br>BEAM GLOBAL SPIRITS & WINE, INC., a corporation; JIM BEAM BRANDS CO., a corporation; SGC GLOBAL L.L.C., a limited liability company; SKINNY GIRL COCKTAILS, L.L.C., a limited liability company; BETHENNY FRANKEL, and DOES 1 through 100, inclusive,<br><br>                             Defendants. | CASE NO.: 1:11-cv-05149 (NLH) (KMW) |

### AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the

11

Discovery Confidentiality Order any Confidential or Highly Confidential material or any words, summaries, abstracts, or indices of Confidential or Highly Confidential information disclosed to me.

6. I will limit use of Confidential and Highly Confidential material disclosed to me solely for purpose of this action.

7. (Applicable to Highly Confidential only.) I am not currently an officer, director, employee, contractor, or agent of an entity that is engaged in the business of distillation, formulation, production, manufacture, supply or marketing of beverage alcohol products, or of ingredients used in beverage alcohol products. Should such an employment opportunity become available to me, I agree to consult with the producing party in an effort to structure the arrangement in a way which will not pose a material risk of unauthorized use or disclosure of Highly Confidential information.

8. No later than the final conclusion of the case, I will return all Confidential and Highly Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
SIGNATURE                        DATED

_____
PRINTED NAME

_____
ADDRESS

_____
INDIVIDUAL OR ENTITY REPRESENTED