IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAUREEN STEWART, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BEAM GLOBAL SPIRITS & WINE, INC., et al., <br><br> Defendants. | Civil No. 11-5149-NLH-KMW |

### AMENDED SCHEDULING ORDER

This Scheduling Order confirms the November 19, 2012 letter request of defendants, Skinny Girl Cocktails, LLC and SGC Global, L.L.C., with all parties joining in the request, for an extension to the deadlines set forth in the Scheduling Order dated **October 15, 2012**; and for good cause shown;

IT IS this **26th** day of **November, 2012**, hereby **ORDERED**:

1. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiffs relating to class certification shall be served upon counsel for defendants not later than **January 29, 2013.** All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendants relating to class certification shall be served upon counsel for plaintiffs not later than **March 1, 2013.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses relating to class certification shall be concluded by **April 1, 2013.**

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

       The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

       **The Court shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in FED. R. CIV. P. 32(a)(4).**

       2. Plaintiffs' motion for class certification shall be filed by **May 3, 2013.** Defendants' oppositions to the motion shall be filed by **June 14, 2013.** Plaintiffs' reply shall be filed by **June 28, 2013.**

       3. Pretrial factual discovery on the merits is hereby extended to **September 6, 2013. All pretrial discovery shall be concluded by that date.** All discovery motions and applications pursuant to L. CIV. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

       4. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

       **The Court shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in FED. R. CIV. P. 32(a)(4).**

       5. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendants not later than **October 7, 2013.** All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiffs not later than **November 12, 2013.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **December 17, 2013.**

       For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular

condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

**The Court shall not permit at trial any witness testimony by video unless the witness is unavailable as set forth in FED. R. CIV. P. 32(a)(4).**

6. **Dispositive Motions.** Dispositive motions shall be filed with the Clerk of the Court no later than **January 17, 2014**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

7. The Court will conduct a telephone status conference on **July 1, 2013 at 10:00 a.m**. Counsel for plaintiffs shall initiate the telephone call.

8. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Noel L. Hillman